[No. 14143. Department Two.—August 10, 1893.]

SAMUEL KELLETT, RESPONDENT, *v.* IDA CLAYTON AND GREAT WESTERN WAGON ROAD COMPANY ET AL., APPELLANTS.

TOLL ROAD—RIGHT TO EXEMPTION—EASEMENT—INJUNCTION.—The right to exemption from paying toll, under an agreement that the owner of a ranch which has conferred a right of way upon a toll road company and his grantees shall be exempt from toll, is not an easement appurtenant to the land or imposed upon the road as a servient estate, and an injunction will not lie upon that ground to restrain the company from collecting toll from a subsequent grantee of the ranch.

ID.—BREACH OF CONTRACT—REMEDY AT LAW.—Such grantee is not entitled to maintain an injunction on the ground that the remedy at law for breach of the contract by way of damages is inadequate, and will entail a multiplicity of suits. The damage, being merely the amount of toll required, is easily estimated, and the presumption is that an action at law would be final and prevent further dispute.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*Stanley, Stoney & Hayes,* for Appellants.

*W. H. Barrows,* and *J. F. Wendell,* for Respondent.

TEMPLE, C.—This appeal is from a judgment and order refusing a new trial.

The action was brought to obtain an injunction, perpetually enjoining and restraining defendants from asking, demanding, or collecting any toll for or on account of the use of the toll road of the corporate defendant as a highway, or in any way interfering with such use either by the plaintiff, his grantees, or by his or their agents, tenants or employees, or any other person using the road for the purposes or business of plaintiff's ranch, and for one hundred dollars damages.

Plaintiff avers that he is the owner of the Habishaw ranch in Sonoma County, which land in 1874 was owned by one Habishaw; that in November of that year the corporation defendant entered into an agreement with Habishaw, whereby Habishaw agreed to grant it a right of way over said ranch for its toll road, in consideration of a perpetual right to use said road free of toll as a highway for all purposes of said ranch; and said defendant agreed with Habishaw as the owner of said ranch that it would allow him, his grantees and all of his or their agents, tenants and employees, and all other persons engaged in any business connected with said ranch, without interruption to use said road as a highway for all purposes and business connected with said ranch for all time without payment of toll. In pursuance of the agreement Habishaw executed a deed which he believed conveyed to the corporation such right of way. That the corporation accepted the deed, took possession of the

right of way and has ever since used and enjoyed the same. That said Habishaw and his tenants, servants, etc., used the road free of toll.

Plaintiff purchased the land from Habishaw in 1877, having before he completed his purchase inquired of the corporate defendant whether such agreement and right existed in Habishaw, and whether if he purchased the land such right and privilege would pass to him as appurtenant to the land. That said defendant, after full knowledge of plaintiff's intended purchase and his reasons for making the inquiry, and that he would not complete the purchase unless such right existed and would pass to him as appurtenant to the land, affirmed that such right existed and would pass with the land. That he thereupon completed the purchase, paying a large consideration for the land.

Plaintiff claims that the alleged right to use the road free of toll is an easement in defendants' road, and that it is appurtenant to the land.

Appellant contends that the alleged facts do not show that plaintiff is entitled to an injunction, and as his claim for damage is less than three hundred dollars the superior court had no jurisdiction.

1. The first question is, Is plaintiff's alleged right an easement? for if it is not, the court had no jurisdiction to issue the injunction on that ground.

In Washburn on Easements, page 3, it is said: "The essential qualities of easements are these: 1. They are incorporeal. 2. They are imposed on corporeal property, and not upon the owner thereof. 3. They convey no right to a participation in the profits arising from such property. 4. They are imposed for the benefit of corporeal property; and 5. There must be two distinct tenements — the dominant, to which the right belongs, and the servient, upon which the obligation rests."

The defendant corporation had only an easement in the road. The right to take toll is called an easement. (Civ. Code, sec. 802.) In *Wood* v. *Truckee Turnpike Co.*, 24 Cal. 475, it was said: "The road of the turnpike company is not the private property of the company, but belongs to the public, and all the

interest the company has in it is the right and power to collect tolls on the line of the road as a compensation for building it. Every traveler has the same right to use the road of a turnpike company, upon paying tolls established by law, that he has to use any other public highway." (See also Pol. Code, secs. 2619, 2743, 2756, 2799, 2800, 2815, 2827; Civ. Code, sec. 1001; *People* v. *Davidson*, 79 Cal. 166; *Blood* v. *Woods*, 95 Cal. 78.)

The right of plaintiff, therefore, to exemption from paying toll is not an easement. It is not a right imposed upon corporeal property. There is no servient estate. It does not confer upon plaintiff the right to use the road; that right he always had as one of the public. It was simply an agreement made by the corporation which had the right to the tolls, that he and his grantees should be exempt from payment while enjoying this common right.

2. Is the plaintiff entitled to an injunction on the ground that the remedy for the breach of his contract by way of damages is inadequate, and will entail a multiplicity of suits? I think not. The injury is not irreparable. Plaintiff is not denied the use of the road. He is only required to pay toll. His damage is easily ascertained.

No disposition has been manifested on the part of the defendants to vex or annoy plaintiff. The dispute seems to be an honest difference of opinion as to the respective rights of the parties. We are not warranted in presuming that after an adjudication at law defendant would still insist upon its claim if the decision were adverse to it. After such decision the matter will not again be open to litigation. The presumption is that an action at law would be final and prevent further dispute.

I think, therefore, conceding that plaintiff has acquired the right he claims, this action cannot be maintained, and that the judgment and order should be reversed, and the cause remanded with direction to dismiss the action.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order are reversed, and cause remanded with direction to dismiss the action.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.