[No. 19423.    Department One.—October 3, 1894.]

PORPHYRY PAVING COMPANY, RESPONDENT. *v.* L. ANCKER, APPELLANT.

STREET IMPROVEMENT—TIME OF NOTICE BY SUPERINTENDENT—PLEADING. In an action to enforce an assessment for a street improvement, a complaint which shows that the resolution of intention was posted and published as required, in the month of January, and that upon the 26th of March following the street superintendent caused to be posted along the line of the contemplated work the notices required to be posted by him, and caused a similar notice to be published in a newspaper, is not subject to demurrer, upon the ground that the delay in the notice by the street superintendent was so unreasonable as to vitiate the assessment.

ID.—CONSTRUCTION OF STATUTE—DEFINITION—"THEREUPON."—The section of the street law which provides for the posting and publishing of the resolution of intention, and that "the street superintendent shall thereupon cause to be conspicuously posted," etc., only requires that the posting and publication by the street superintendent is to be made upon the precedent conditions of the posting and publishing of the resolution of intention, and does not require that the publishing and posting by the street superintendent must immediately follow the publication of the resolution of intention.

ID.—REASONABLE TIME—DELAY FROM INCLEMENT WEATHER.—The question of what is a reasonable time for posting and publication by the superintendent depends upon the circumstances of the case, and a delay from inclement weather is not unreasonable.

ID.—DEMURRER TO COMPLAINT—DEFENSE.—To sustain a general demurrer to the complaint on the ground of delay in posting the publication of notice by the street superintendent, the unreasonableness of the delay must conclusively appear on the face of the complaint; otherwise, the question of delay is matter of defense.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial.

The facts are stated in the opinion.

*Charles R. Gray,* for Appellant.

*C. T. H. Palmer,* and *F. W. Gregg,* for Respondent.

VANCLIEF, C.—Action to enforce a street assessment against defendant's land situate in the city of San Bernardino. The judgment of the lower court was in favor of the plaintiff, and the defendant has appealed therefrom, and from an order denying a new trial.

1. Appellant contends that the court erred in overruling his demurrer to the complaint on the grounds that it does not state a cause of action, and that it is ambiguous and contradictory.

The complaint appears to be neither ambiguous nor contradictory; and I think it states a cause of action. But it is contended by counsel for appellant that it is deficient in several respects, only one of which, however, is sufficiently plausible to merit special consideration.

The third section of the act of March 18, 1885, " to provide for work upon streets, lanes, alleys," etc., as amended March 31, 1891 (Stats. 1891, p. 196), provides: "Before ordering any work to be done . . . . the city council shall pass a resolution of intention so to do, and describing the work, which shall be posted conspicuously for two days on or near the chamber door of said council, and published by two insertions in one or more daily, semi-weekly, or weekly newspapers published and circulated in said city, and designated by said council for that purpose. The street superintendent shall there-

upon cause to be conspicuously posted along the line of said contemplated work or improvement . . . : notices .of the passage of said resolution. . . . . He shall also cause a notice, similar in substance, to be published for six days," in designated newspapers.

It is properly alleged in the complaint that the resolution of intention was posted and published for two days in the manner required, "said posting being continuous from January 6, 1892, to January 16, 1892 . . . . said publication being on the sixth, seventh, and eighth days of January, 1892. . . . . And that upon the *twentysixth day of March, 1892,* the street superintendent of said city caused to be posted along the line of said contemplated work" the notice required to be posted by him, and caused a similar notice to be published in a newspaper, etc.

The point made by appellant is that it should have been alleged that the street superintendent posted and published the notice required to be posted by him, *immediately* after the expiration of the two days' publication of the notice posted on the chamber door of the council; whereas it is alleged that the notices required to be posted and published by him were posted and published March 26, 1892, more than two months after the two days' publication. It is contended that the word " thereupon," in the sentence, "The street superintendent shall *thereupon* cause to be conspicuously posted," etc., means immediately; that is, immediately after the two days' publication.

The third section of the street law under consideration requires a resolution of intention and notice thereof to be posted and published for a period of two days as necessary conditions precedent to the publication and posting of a more particular notice by the superintendent of streets for a period of six days; since the latter publication would be of no avail without prior publication of the former. As used in that section, under these circumstances, the word "thereupon" refers to the conditions precedent, and means that the publi-

cation by the street superintendent is to be made *upon those precedent conditions,* and necessarily implies that the publication by the superintendent of streets must follow the resolution of intention, and the publication thereof, in order of time.   But there is nothing in the context or in the subject matter indicating that the six days' publication by the superintendent must *immediately* follow the two days' publication.   That it should follow within a reasonable time is the most that should be claimed.   It will hardly be contended that a delay of five or even ten days would vitiate all prior proceedings and necessitate a commencement thereof *de novo.*   What would be an unreasonable delay in one case might be reasonable in another, under different circumstances. To sustain a general demurrer to the complaint on the ground of such delay (if it could be done in any case), . the unreasonableness of the delay must conclusively appear on the face of the complaint; for, if the delay is mere matter of defense, the reasonableness of which is to be determined by evidence at the trial, it is not a ground of demurrer at all.   Does it conclusively appear from the complaint alone that two and a half months' delay of the publication of notices by the superintendent was unreasonable?   I think not.   The two days' publication of the notice of intention to do the work expired early in January, which is ordinarily followed by two or three of the most inclement months of the year.   Who can say from aught that appears in the complaint that it was not reasonable, or not even advisable, to postpone the commencement of grading the street until April?   (See *Hart* v. *Plum,* 14 Cal. 155.)

2. On the appeal from the order denying a new trial, appellant contends that the evidence does not justify the findings by the court.

I have carefully examined all the points under this head presented by appellant's counsel, with the result that, in my opinion, the evidence clearly justifies the findings excepted to.

I therefore think the order and judgment should be affirmed.

BELCHER, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

GAROUTTE, J., HARRISON, J., VAN FLEET, J.