[Civ. No. 796.   Second Appellate District.—April 18, 1910.]

# T. H. DUDLEY, Petitioner, v. SUPERIOR COURT, ETC., IN AND FOR THE COUNTY OF LOS ANGELES, Respondent.

ELECTION CONTEST—JURISDICTION OF SUPERIOR COURT.—The jurisdiction of the superior court to hear and determine election contests is included within the jurisdiction conferred upon said court by section 5 of article VI of the constitution of all such special cases and proceedings as are not otherwise provided for.

ID.—PREMATURE ORDER AND CITATION—KNOWLEDGE OF PROCEEDING.—An order for a citation made on the date of the filing of the contest is unauthorized and may be disregarded, except in so far as it is record evidence of knowledge of the proceeding, and a citation issued thereon can have no legal effect.

ID.—NOTICE BY CLERK TO COURT OF FILING CONTEST—PURPOSE.—The provision of the statute requiring the clerk to notify the court of the filing of the contest is a means provided for calling the pendency of the contest to the attention of the court, in order that the court may make a timely order calling a special session for the hearing of such action.

ID.—NOTICE NOT REQUIRED TO BE WRITTEN.—The statute does not require that the clerk's notification to the court of the filing of the contest must of necessity be in writing.

ID.—COURT'S KNOWLEDGE—NOTICE NOT REQUIRED.—It affirmatively appearing that the court had actual notice of the filing of the contest on the day of its date, it was not necessary for the clerk to give a formal notification in order that the court might be apprised of the pendency of the proceeding. The prior knowledge was still in the breast of the court on the day when it made its order calling a special session to hear the contest.

ID.—CONSTRUCTION OF STATUTE—TIME FOR ORDER AFTER NOTIFICATION—WORD "THEREUPON"—REASONABLE TIME.—The statute directing that the court, after notification by the clerk, "shall thereupon order a special session," does not by the use of the word "thereupon" import "immediately," but only "within a reasonable time."

ID.—LAPSE OF SIX DAYS AFTER EXPIRATION OF THIRTY DAYS FROM STATEMENT NOT UNREASONABLE — JURISDICTION OF SUBJECT MATTER.—The lapse of six days after the expiration of thirty days from the filing of the contesting statement was not unreasonable, and did not deprive the court of jurisdiction of the subject matter, under the general law, to make the order fixing the date for the commencement of the session for hearing the contest, where it appears that such date was within twenty days from the time

when the court was first authorized to act, and exceeded ten days, the minimum of time designated in the statute.

ID.—JURISDICTION OF PERSON OF CONTESTEE—DEMURRER TO STATEMENT —GENERAL APPEARANCE—DEFECTS IN CITATION WAIVED.—Where the contestee upon the date when the order was made calling the special session, appeared and interposed a general demurrer to the statement of the contestant, such demurrer had the effect of a general appearance, giving the court full jurisdiction over the person of the contestee; and had the effect to waive all neglect of the clerk to issue the citation in proper form or the service thereof, which became immaterial upon the question of personal jurisdiction.

ID.—CONTEST FOR OFFICE OF MAYOR — MUNICIPAL AFFAIRS — ELECTION UNDER FREEHOLDERS' CHARTER — GENERAL LAWS APPLICABLE.—Although the election of a mayor under a freeholders' charter is a municipal affair, and if a contest were provided thereunder it would be a municipal affair, yet such charters are subject to general laws not in conflict therewith, and in the absence of a charter provision for such contest, the general laws of the state are applicable thereto.

ID.—JURISDICTION OF CONTEST—PROHIBITION NOT ALLOWED.—It appearing that the superior court had jurisdiction both of the subject matter of the contest and of the person of the parties before it, a writ of prohibition cannot be allowed regardless of any question as to the adequacy of the remedy by appeal.

APPLICATION for writ of prohibition to the Superior Court of Los Angeles County. C. D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Stephens & Stephens, and Tanner, Taft & Odell, for Petitioner.

Ben S. Hunter, and C. C. Towner, for Respondent.

THE COURT.—It is made to appear from the petition filed herein that Santa Monica is a city organized and existing under a freeholders' charter; that on the seventh day of December, 1909, an election was held in said city at which petitioner and one Roy Jones were rival candidates for the office of mayor; that on the thirteenth day of December, 1909, the city council, pursuant to law, canvassed the returns of said election and declared petitioner elected to the office of mayor of said city for the full term of two years; that there-

after said Dudley qualified as such mayor and is now acting as such; that thereafter, on the eighth day of January, 1910, Roy Jones filed his complaint or statement against petitioner in the superior court, in which he alleged, among other things, that the board of election of said city wrongfully, inadvertently and unlawfully counted, tallied and returned votes for said Dudley for the office of mayor which were not cast for him and which should not have been counted for him, and that some thereof so tallied and returned for Dudley were cast for said Jones; that certain illegal votes were cast at said election and counted for said Dudley; that if all of said illegal votes so given to said Dudley were taken from him, the same would reduce his vote below the number of legal votes given to said Jones; and he prayed the court for a recount and that he be declared elected mayor of said city of Santa Monica. That upon the filing of said statement or complaint the same was presented to C. D. Wilbur, one of the judges of the superior court of Los Angeles county, who upon reading the same ordered a citation to be issued by the clerk directed to said Dudley, ordering him to appear before said judge on the nineteenth day of January, 1910, to show cause, if any, why the relief prayed for in the said complaint should not be granted. Thereupon, on the same date, the clerk issued a citation as by said judge directed. That on the nineteenth day of January, 1910, being the time fixed in said citation for the appearance of Dudley, he appeared in said proceeding specially and for the sole purpose of objecting to the jurisdiction of the court, and moved to quash and set aside the citation upon the ground that the same was issued prematurely and not in accordance with the provisions of section 1118 of the Code of Civil Procedure, upon the hearing of which motion the same was denied. Upon the same day of the denial of said motion Dudley filed his demurrer to the complaint and statement filed by said Jones, both general and challenging the jurisdiction of the court over the subject matter of the action, which demurrer was, upon the nineteenth day of January, overruled. Dudley by counsel thereupon objected to the court making any order for a special session for the trial of said cause, for the reasons that the clerk had not given the notice as required by section 1118a of the Code of Civil Procedure to the court, or

at all, that the time for giving such notice had expired, and because the time within which the court could make an order had expired, which objections the court overruled, and on said nineteenth day of January, made its order calling a special session of the court to be held on February 1, 1910, for a recounting of the ballots cast at the election held in Santa Monica for the office of mayor, and defendant was ordered to appear on that date, and which said last-mentioned order was ordered to be entered as one superseding the prior minute order made directing citation. It is alleged that the clerk did not, within five days after the end of the time allowed for filing statements of contest, notify the superior court of the filing of any statement, and that by reason thereof the court lost jurisdiction over the subject matter; that the trial of said cause will entail great expense upon said Dudley, and he, therefore, prays for a writ prohibiting the court from further proceeding in the matter in connection with a recount of said ballots.

The jurisdiction of the superior court to hear and determine election contests is included within the jurisdiction conferred upon such superior court by section 5, article VI, of the constitution, said proceeding being special and the jurisdiction in relation to which is not otherwise provided for by statute. The clerk of the county is *ex officio* clerk of the superior court, and a paper filed with such clerk having reference to a special court proceeding is filed with him as *ex officio* clerk of such court.

The general law of the state regarding the contests of elections provides, by section 1115 of the Code of Civil Procedure, that when an elector contests the right of any person declared elected to such office he must file with the county clerk a written statement setting forth specifically the facts constituting the grounds of contest which are enumerated in the section, which statement must be verified and filed within thirty days after the declaration of the result of the election by the body canvassing the returns thereof. By section 1118a of the Code of Civil Procedure, it is provided: "Within five days after the end of the time allowed for filing such statements the county clerk must notify the superior court of the county or city and county of all statements filed. The court shall thereupon order a special session to be held, on

some day to be named by it, not less than ten nor more than twenty days from the date of such order, at which session the ballots shall be opened and a recount taken, in the presence of all the parties,'' etc. By section 1119 of the Code of Civil Procedure it is provided: ''The clerk shall thereupon issue a citation for the person, whose right to the office is contested, to appear at the time and place specified in the order, which citation must be delivered to the sheriff, and served either upon the party in person, or, if he cannot be found, by leaving a copy thereof at the house where he last resided, at least five days before the time so specified.''

It is petitioner's contention that, by reason of the failure of the clerk to notify the court as provided by section 1118a of the filing of the statement, and by reason of the court making its order for a citation before the lapse of time for filing statements, the order of January 19th, entered by the court calling a special session, was without jurisdiction, the time having elapsed within which, it is claimed, under the statute such order could be made.

It may be conceded that the order of the court entered on January 8th directing the citation in the manner and form set forth in such order, except in so far as it is record evidence of a knowledge of the pendency of the proceeding, may be disregarded, as no such order is contemplated by the statute, and the citation issued by the clerk did not purport to convey to the contestee either the substance or effect of any order which by law the court was authorized to make and enter. The provision of the statute requiring the clerk to notify the court of the filing of the contest is a means provided by the statute for calling the pendency of the contest to the attention of the court, in order that the court may make a timely order calling a special session for the hearing of such action. There is nothing in the statute indicating that the notification to the court of the filing of such proceeding must of necessity be in writing. It affirmatively appearing that the court had actual notice on January 8th of the filing of the contest, it was not necessary for the clerk to give a formal notification in order that the court might be apprised of the pendency of the proceeding. The court having knowledge of the pendency of the proceeding before the date at which it could act, and the record disclosing that

such knowledge was still within the breast of the court on the 19th of January, it is fair to assume that such knowledge remained with the court during the interim, which includes the thirty-first day after the filing of the statement of contest. Upon this date the court, having knowledge of the filing of the contest, is required by the statute to make its order calling a special session for the hearing of the same. This order, calling the special session for February 1st, the court made on the nineteenth day of January, six days after the expiration of the thirty days from the filing of the statement. It will be observed that the date named for the commence-, ment of the special session was within twenty days from the date when, as we have said, the court, having notice of the contest, was authorized to act, and the time so fixed was more than ten days thereafter. The statute directs the court upon receipt of the notification to thereupon make its order. This word "thereupon" does not of necessity mean immediately. (*California Academy of Sciences* v. *Fletcher,* 99 Cal. 210, [33 Pac. 855].) As said by the supreme court of this state in *Porphyry Pav. Co.* v. *Ancker,* 104 Cal. 342, [37 Pac. 1050], where the court was considering a section of the street law in which it is provided that the superintendent of streets shall thereupon cause certain posting to be done, the word refers to the order of time in which the act shall be done and is not a mandatory regulation requiring immediate performance; "that it should follow within a reasonable time is the most that should be claimed." It cannot be said that a delay of six days in making the order was an unreasonable time, when we consider that, in so far as the public is concerned, the time fixed for the special session was within the limit of twenty days from the time when the court was first authorized to act and exceeded the ten days, the minimum of time designated. We are of opinion, then, that the superior court had jurisdiction of the subject matter pertaining to the election contest, if the same is subject to general law.

It further appears by the petition that upon the same date when the order was made calling the special session the petitioner, defendant in said contest, filed a general demurrer to the statement of Jones, the contestant. Under section 1014 of the Code of Civil Procedure, the effect of such demurrer was the entering of an appearance to the proceeding. The

parties then being in court, and petitioner herein having entered an appearance to the proceeding, the neglect of the clerk to issue the citation in proper form, or the service thereof, is of no materiality in determining the question of personal jurisdiction.

It is further insisted by petitioner that the matter of the contest of an election held in a municipality acting under a freeholders' charter is a municipal affair, and that under the constitution (art. XI, sec. 6), which provides that "cities and towns heretofore or hereafter organized, and all charters thereof framed or adopted by authority of this constitution, except in municipal affairs, shall be subject to and controlled by general laws," the general law is subordinate to the regulations of the city in respect of such matters. The only provision of the charter of the city of Santa Monica claimed by petitioner to have reference to an election contest is found in section 30: "The council shall also have full power to pass ordinances upon any other subject of municipal control, or to carry into effect any other powers of the municipality." It may be conceded that the election and classification of the officers of a charter city, as well as contests arising from such election, are municipal affairs, but that the charter shall supersede the general law in relation thereto it is necessary that the charter itself should contain appropriate provision relative to such affairs. Mr. Justice Harrison, in *Fragley* v. *Phelan,* 126 Cal. 395, [58 Pac. 923], says: "If, however, the charter of a city, whether given to it by the legislature prior to the constitution of 1879, or framed by a board of freeholders, contains no provision in reference to subjects which might have been included therein, that city or its inhabitants is not thereby freed from legislative control. . . . A city cannot claim to be exempt from general laws relating to municipal affairs if there is no provision relating to such affairs in the charter under which it is acting, whether such charter is one framed by itself or was given to it by the legislature." This last proposition is cited and followed in *Dinan* v. *Superior Court,* 6 Cal. App. 223, [91 Pac. 806].

We find nothing in the charter of Santa Monica which undertakes to deal with the subject of the contest of municipal elections, nor any ordinance of the city based upon the authority of the charter under which any mode or proceeding

relative to such contests is sought to be established. There is, therefore, nothing in such charter in conflict with general law. The averment in the petition that the election was held according to law cannot be construed into a statement involving the matter of a subsequent contest growing out of such election. The right of a legislative body to determine the election and qualification of its own members is not here presented, but the election and qualification of the chief executive officer alone is involved. It follows that the contest of such an election is, therefore, to be conducted under the provisions of the general law of the state.

It is further claimed by petitioner that Santa Monica having been a city of the fifth class before it adopted its charter, therefore the provisions of section 762 of the municipal corporations act, which provides that boards of trustees shall determine all election contests in cities of such class, is applicable to the contest under consideration. This law with relation to cities of the fifth class applies only to cities actually of that class, and when Santa Monica adopted its freeholders' charter and the same was approved by the legislature, the effect thereof was to remove that city from the classification of cities, at least to the extent of legislation applying especially to such class, and it became amenable to the general law of the state relative to election contests of the character here instituted. In addition to this, it may be observed that the corporations act referred to makes no provision for a mayor in cities of the fifth class, and, of course, no contest involving such office could possibly exist in a city under such a classification.

In what we have heretofore said we have disregarded the point made by respondent as to the adequacy of appeal on account whereof prohibition will not lie. This we have done because upon this rehearing we are not agreed upon the question as to an appeal in such a contest affording a speedy and adequate remedy, and rest the decision upon the merits of the petition as presented.

The writ is denied.

A petition for a rehearing of this cause was denied by the district court of appeal, on May 18, 1910.