[Civ. No. 13910.   First Dist., Div. Two.   Aug. 24, 1948.]

EDWARD J. DENNIS, Petitioner, v. THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent.

Wayne R. Millington and Frank B. Blum for Petitioner.

Bullock, Wagstaffe & Daba for Respondent.

NOURSE, P. J.—On May 12, 1948, petitioner filed a statement of contest of the election of Fred Bertetta, who on April 20, 1948, was declared by the City Council of Daly City to have been elected a member of said city council over petitioner, the candidate who had received the next highest number of votes. On the same day the respondent ordered a special session for the hearing of the contest to be held on June 10, 1948. At that time Fred Bertetta appeared specially and moved to quash the citation which motion was granted and the contest dropped from the calendar.

Petitioner does not allege on what grounds the motion was made but argues that it was granted "on the grounds the respondent had no jurisdiction of the action since it set the hearing for a period of more than twenty days from the date of its order." Respondent argues that the motion to quash was granted because a citation based on an order setting the hearing more than 20 days after the date of the order was void under section 8550 of the Elections Code; he also argues that the petitioner should first have moved for a new order and cannot base his petition for a writ on the assumption that the court would have denied that motion for lack of jurisdiction.

Section 8550 does not fix a term within which the order must be made. It reads: "Within five days after the end of the time allowed for filing statements of contest the county clerk shall notify the superior court of the county of all statements filed. The court shall thereupon order a special session to be held, on some day to be named by it, not less than ten nor more than twenty days from the date of its order." In *Dudley* v. *Superior Court*, 13 Cal.App. 271, 276 [110 P. 146] and in *Busick* v. *Superior Court*, 16 Cal.App. 499, 504 [118 P. 481], it was held with respect to the equivalent old section 1118a of the Code of Civil Procedure that "thereupon" does not of necessity mean immediately, but at most "within a reasonable time."

In granting the motion herein the court was influenced by the recent decision in *Garrison* v. *Rourke*, 85 A.C.A. 126 [192 P.2d 457], where the District Court of Appeal held that a similar provision in section 8556 of the Elections Code was mandatory. The Garrison case was taken over by our Supreme Court and, after the order herein attacked, a decision was made on August 20, 1948, 32 Cal.2d 430 [196 P.2d 884], holding that section 8556 should not be construed as mandatory when such construction would divest the court of juris-

diction to render the relief which the statute as a whole clearly required.

The same reasoning applies here. It was no fault of the contestant that the court made a void order setting the date of hearing. The statute grants him a right to be heard and imposes upon the court the duty of fixing a proper date. The filing of the statement starts the proceedings under the statute which requires the court to set the hearing when notified by the clerk of the filing. It is not incumbent upon the contestant to demand a performance of that duty.

Writ granted as prayed.

Goodell, J., concurred.