[Civ. No. 18071.   Second Dist., Div. Two.   May 18, 1951.]

RALPH E. DICKENSON, Plaintiff and Appellant; ED DAVIS, Respondent, v. JOE SAMPLES, Defendant and Appellant.

Blaine T. Romney for Plaintiff and Appellant.

Roy B. Woolsey and Harry C. Wesley for Defendant and Appellant.

Hammons & Willard for Respondent.

MOORE, P. J.—Plaintiff Dickenson seeks reversal of a judgment entered pursuant to a verdict denying him relief in his suit to recover rentals from defendant. The latter also appeals from the same judgment denying him relief on his cross-complaint seeking damages for an alleged breach of contract on the part of plaintiff.

Dickenson was the owner of certain business property in Santa Paula which he leased to defendant and one Pace for the operation of a billiard parlor. The lease was in effect from October, 1946, until early March, 1948. In the following month plaintiff leased the premises to defendant and his new partner Ed Davis who is also named a cross-defendant. Varying sums were paid as rentals from April through December, 1948. At that time Davis withdrew from the business, and defendant thereafter continued its operation alone until April 10, 1949, when he vacated the property in compliance with plaintiff's notice terminating the tenancy. No rentals were paid after December, 1948.

The evidence is conflicting as to the amount of rent which was to be paid for the premises. Plaintiff testified that it was agreed that the rent was to be $125 per month, or one third of the net profits of the business, whichever was larger. Defendant testified that the rent was to be one third of profits and not otherwise.

A loss was sustained in January, 1949, but a profit of $163 resulted in February. There was no evidence as to what occurred during the months of March or April.

### PLAINTIFF'S APPEAL

It is plaintiff's contention that the jury erred as a matter of law in finding that no rentals whatsoever were due him. He argues that the evidence without dispute established defendant's obligation to pay from January 1 to April 10, 1949, on the basis of either the agreed minimum sum of $125 per month or on one third of the net profits realized.

There is a conflict in the evidence as to an agreement for rentals at an agreed minimum figure. Consequently this

court is bound by the jury's implied finding that no such agreement was made. ■ However, defendant admitted that the rentals were to be one third of the profits and since the evidence without conflict shows a profit of $163 in February, 1949, plaintiff is entitled to the sum of $54.33 for that month. ■ Evidence which is uncontradicted and not inherently improbable may not be disregarded by the trier of fact. (*Dobson* v. *Dobson*, 86 Cal.App.2d 13, 14 [193 P.2d 794].)

Plaintiff can recover nothing additional inasmuch as no evidence was introduced as to the existence of profits in March or April, 1949.

DEFENDANT'S APPEAL

The cross-complaint purported to state five causes of action seeking damages against Dickenson for (1) breach of an oral agreement of joint venture, (2) wrongful eviction or constructive eviction under an oral lease, (3) fraud, (4) damages against Dickenson and Davis for conspiracy to defraud, and (5) damages against Davis alone for breach of contract and inducing a breach of contract. Both cross-defendants denied all material allegations. At the conclusion of the trial the court directed a verdict in favor of Dickenson and Davis on all counts.

Defendant contends that substantial evidence was before the court supporting the allegations in all five counts and that consequently the court erred in refusing to submit the matter to the jury.

Viewed in the light most favorable to defendant, the essential facts established by the evidence are as follows: In April, 1948, plaintiff orally agreed to lease his building to defendant and Davis jointly for five years upon defendant's buying out the interest of his current partner, one Todd. Defendant having consented to make the purchase, he and Davis immediately acquired Todd's interest for $1,000 in cash and assumed an obligation owed by Todd of $2,500. Davis and defendant also orally agreed to improve the building by constructing a new front on the store at their own expense, before plaintiff would be under a duty to execute the new lease. Defendant testified, however, that he understood that this construction was to be paid for out of profits realized from the operation of the billiard parlor. He based this understanding on statements made to him by Davis alone.

Thereafter defendant and Davis took possession of the premises and operated the business. Defendant actively conducted its operation and was paid a salary of $325 per month

for his services. Davis rendered services as an accountant for no compensation other than a one-third share in the profits. Plaintiff received one third of the profits from March, 1948, through December, 1948, but there was no evidence that he took any part in the management of the business.

In December, 1948, Davis informed defendant and plaintiff that he was withdrawing from his partnership with Samples who remained in possession and continued to operate the billiard parlor alone. On March 2, 1949, plaintiff caused a written notice terminating tenancy and a notice to pay rent or quit to be served upon both Davis and Samples. On April 10 defendant vacated the premises upon the advice of Davis. At about the same time plaintiff leased the property to one Barker who purchased some of the billiard equipment from Samples for $2,500. No new store front was ever installed and no rentals were paid after Davis withdrew from the business.

■ Defendant's first cause of action sought damages for plaintiff's breach of a contract to form a partnership or joint venture, the wrong alleged being that defendant was excluded from the operation of the business. There was no evidence to establish that a joint venture or partnership was intended. The only reasonable inference from all of the evidence is that plaintiff was to be the landlord only and that defendant and Davis as partners were to be his tenants. Samples himself testified that such was the arrangement. It is true that rent was to be paid on a basis of profits realized but there is no further evidence of any joint liability for debts and losses. Also, there is no evidence of a community of interest insofar as plaintiff's having any control or management of any of the factors influencing the net worth of the business. ■ To participate to some extent in the management of a business is a primary element in partnership organization, and it is virtually essential to a determination that such a relationship existed. (Corp. Code, § 15006; *Smith* v. *Grove,* 47 Cal.App.2d 456, 462 [118 P.2d 324]; *Kersch* v. *Taber,* 67 Cal.App.2d 499, 504 [154 P.2d 934].) ■ A mere sharing in the profits paid as "rent to a landlord" does not justify an inference of partnership. (Corp. Code, § 15007, [4] [b].)

■ As to the alleged wrongful eviction (count 2), the evidence does not support defendant's allegations. The first bar to recovery under that count is that defendant failed to pay rent for the period after December, 1948. Regardless of the basis used for computing rentals, it cannot be gainsaid

that profits were realized in February, 1949, and that the tenants failed to account to the landlord for any sums whatsoever. ■ Accordingly, such a breach of the tenant's obligation furnished a valid basis for an eviction. ■ Assuming plaintiff to have been entitled to evict his tenant the evidence does not support a finding or conclusion that such eviction actually occurred. The giving of the notice in good faith terminating tenancy and to pay rent or quit followed by voluntary surrender of the premises is not a wrongful eviction and does not give rise to a cause of action. (*Lindenberg* v. *MacDonald,* 34 Cal.2d 678, 683 [214 P.2d 5, 14 A.L.R. 2d 1436] ; *Psihozios* v. *Humberg,* 80 Cal.App.2d 215, 220 [181 P.2d 699].) No substantial evidence of malice or bad faith on the part of plaintiff appears in the record.

■ The cause of action based on the alleged fraud on the part of Dickenson (count 3) in that he never intended to perform his agreement as alleged in the first count is likewise not supported by the evidence. Any determination that fraud was present would be based on nothing more than conjecture. The only proof relied upon by defendant is the evidence that plaintiff admitted that he was doubtful from the outset that either defendant or Davis could carry out the obligations they had incurred. This is not the equivalent of an intent on the part of defendant not to carry out his promise.

■ Also, as no fraud was established, no cause of action for conspiracy to defraud is present. ■ Conspiracy as a civil action in and of itself is not actionable. Some right must first have been violated by a wrongful act of the defendant whereby arose a cause of action independent of the conspiracy. (*Scarborough* v. *Briggs,* 81 Cal.App.2d 161, 167 [183 P.2d 683] ; *Anderson* v. *Thacher,* 76 Cal.App.2d 50, 72 [172 P.2d 533].)

■ The evidence likewise does not support the allegations of count 5 that Davis (1) breached his agreement with defendant to construct a new store front on the premises, and (2) induced plaintiff to breach his contract with defendant and to evict the latter. There is no proof that Davis only was to be responsible for the installation of the new building front. Also, since there was no breach of contract by plaintiff, it follows that Davis cannot be held to account for a nonexistent wrong of inducing a breach of such contract.

It is ordered that judgment denying defendant recovery on his cross-complaint is affirmed. Judgment for defendant

on the complaint is reversed with instructions to enter judgment for plaintiff in the sum of $54.33.

McComb, J., and Wilson, J., concurred.

A petition for a rehearing was denied June 7, 1951, and defendant and appellant's petition for a hearing by the Supreme Court was denied July 12, 1951. Edmonds, J., and Carter, J., voted for a hearing.