[Civ. No. 17755.   First Dist., Div. Two.   Mar. 4, 1958.]

CURTIS MATTHEWS, Appellant, v. CIVIL SERVICE
COMMISSION OF THE CITY AND COUNTY OF
SAN FRANCISCO et al., Respondents.

170

Joseph T. Curley and Marvin C. Hix for Appellant.

Dion R. Holm, City Attorney, and R. J. Reynolds, Deputy City Attorney, for Respondents.

BRAZIL, J. pro tem.*—From a judgment in favor of the San Francisco Civil Service Commission and some individual defendants, the plaintiff employee, a member of the system, appeals. He sought in an action for declaratory relief to establish that he was entitled to an advance to a position available to one of his qualifications.

The situation requires, first, an explanation of the circumstances involved. The plaintiff was a civil service employee who at all times with which we are concerned stood at the head of the list of eligibles for the promotive position of J 10 Labor Sub-Foreman. On February 29, 1956, the appointing officer for the position sent a requisition to the commission for the certification of the name highest on the list to fill a vacant J 10 sub-foreman job. On March 2, 1956, the commission mailed a notice to plaintiff of his probable appointment, but, because of a typographical error in the name of the street, the notice came back to the commission office in its original envelope. A clerk in the office definitely

---

*Assigned by Chairman of Judicial Council.

recalled the return of this notice and the remailing of the self same notice in a window envelope, this time properly addressed to the plaintiff at Apartment 2, 1801 Turk Street, San Francisco, California. This notice came back to the office again on March 13, 1956, but just how it got there no one was able to testify from personal knowledge. The original envelope was missing. A commission office clerk testified that, in the regular course of business of the commission, every time a notice was returned in an original envelope, the returned envelope was retained in the office along with the notice. The respondent relies for proof of the fact here involved, upon the disputable presumption that the ordinary course of business has been followed (Code Civ. Proc., § 1963, subd. 20) ; the inference being that the notice must have been returned in another envelope which, not being required by business practice to be kept, was thrown away.

Apartment 2, 1801 Turk Street, is the home of Mr. and Mrs. La Vallee, an address listed by plaintiff with the commission as his place of residence. There is only one mail box at the La Vallee apartment, and Mrs. La Vallee says she is the only one who had a key. She testified that Mr. Matthews slept on a couch in the living room, that he was there every night of the week beginning March 5, 1956, that no mail of any kind came to Mr. Matthews during that week. Plaintiff said he did not receive the notice, that he did not remail it to the commission, that he was at the listed address every day of the week involved. It developed at the trial that plaintiff was married, that his wife lived in San Mateo County in a house the two of them owned in joint tenancy, that they were not divorced or legally separated, although plaintiff mentioned such a separation was at least contemplated.

On Friday, the 9th of March, the commission, not having heard from Mr. Matthews within the allotted three days, mailed a notice of probable appointment to defendant Aiuto, the employee next on the eligible list. Mr. Aiuto promptly replied, got the job and has it to this day. Plaintiff said he found out about the situation late on Friday the 9th, and that he called on the commission at the earliest opportunity, which was Monday the 12th. He then orally protested the appointment of Mr. Aiuto to the position he claimed was rightfully his, following that up with a written protest, dated March 14th.

There is no issue about plaintiff's residence, for all agree, and the pleadings so indicate, that he was a resident of San

Francisco—that his failure to get the promotion is not based on any lack of residential qualification. In this regard, the appellant complains that it was error on the court's part to ask, or permit the asking of, any questions about residence, as that was an admitted fact; and in particular because the trial judge obviously appeared skeptical that plaintiff was, in fact, a bona fide resident of San Francisco. The questions about residence, while not material to determine a fact already established, were relevant on the issue of actual receipt of the notice and for the purpose of testing the credibility of the witness. The appellant sought on a motion for new trial to prove conclusively he was a resident of San Francisco, as is required by the charter, but that would have formed no basis for a new trial because the findings of the trial court by necessary implication found that to be so.

Section 141 of the charter provides for the adoption of rules by the commission to carry out the civil service provisions of the charter. Section 148 thereof requires, among other things, that upon receipt of a requisition to fill a position, such as we have here, "Thereupon, the commission shall certify the name and address of the person highest on the list. . . . In case the position is promotive, the commission shall certify the name of the person highest on the list," etc. The commission determines whether the position is temporary, seasonal or permanent and "shall notify the candidate in accordance therewith to the end that the candidate may have knowledge of the probable duration of the employment."

Commission rule 23 sets forth that ". . . failure of an eligible to respond within 3 days to a notice of inquiry or notice of probable appointment relating to appointment to a permanent position, shall automatically place such eligible under waiver of appointment . . . until withdrawal of such waiver. . . . For purpose of this rule the term 'respond within three days' means that the response, either by letter, telephone or in person must be received in the offices of the Civil Service Commission during regular business hours within three days (Saturday, Sundays and legal holidays excepted) after the date of *mailing* of the notice of inquiry or notice of probable appointment. In case of a notice *sent* to an eligible who is not a resident of San Francisco, the Personnel Director and Secretary may extend the time in which to respond . . ." (Emphasis added.)

The appellant claims error in that (1) the trial judge did not believe, what he says is the uncontradicted testimony, that the notice was not received, (2) the charter requires per-

sonal service of the notice of appointment, notice by mail being insufficient, (3) the plaintiff occupying a promotive job should have been automatically elevated without any preliminary notice, (4) the defendant upon receiving the requisition did not "thereupon," i.e., immediately or without delay, notify plaintiff, (5) the court impliedly found he did not live at 1801 Turk Street where residence was not an issue and (6) he was deprived of a fair trial because the judge, from prejudice, prejudged the case, for which reason a new trial should have been granted.

█ It is, of course, true that "uncontradicted and unimpeached testimony cannot arbitrarily be disregarded" (*Kneeland* v. *Ethicon Suture Lab.*, 118 Cal.App.2d 211 at 229 [257 P.2d 727]), or that "evidence which is uncontradicted and not inherently improbable may not be disregarded by the trier of facts" (*Dickenson* v. *Samples*, 104 Cal.App.2d 311 at 314 [231 P.2d 530]). The testimony of plaintiff and Mrs. La Vallee was, of course, not inherently improbable, but neither was it uncontradicted because there was circumstantial evidence that the notice was received. Presumptions are a form of evidence, and, in addition to the one heretofore cited, there is the presumption "that a letter duly directed and mailed was received in the regular course of the mail" (Code Civ. Proc., § 1963, subd. 24). Disbelief of the testimony of a witness does not obviously prove that the opposite of such testimony is established solely because of that disbelief. The findings are supported by indirect evidence, and not by absence of evidence because of such disbelief. Nor is there any merit in appellant's contention that the presumption of innocence of wrongdoing, being the strongest presumption, (that plaintiff and witness La Vallee did not commit perjury) as a matter of law wiped out the other disputable presumptions. If such were so, no one could ever expect to try a case based on circumstantial evidence if opposed by direct evidence.

"Actual knowledge (waiver of sale) need not be directly proved. It, like any other fact, may be inferred from circumstantial evidence" (*Gantner & Mattern Co.* v. *Hawkins*, 89 Cal.App.2d 783 at 786 [201 P.2d 847]).

█ Ordinarily, "As to the matter of notice, it may be said that, where a statute requires notice and does not specify how it shall be given, the presumption is that personal service is required" (*Colyear* v. *Tobriner*, 7 Cal.2d 735 at 743 [62 P.2d 741, 109 A.L.R. 191]). "It may be broadly stated that where a statute or contract requires giving of notice, and there

is nothing in the context, or circumstances of the case, to show that any other form of notice was intended, personal notice will be required" (*Stockton Automobile Co.* v. *Confer,* 154 Cal. 402 at 408 [97 P. 881]). ▉ While section 148 of the charter is silent as to the manner of giving notice, rule 23 in which reference is made to "mail" and notice being "sent" quite obviously contemplates that the notice may be mailed. The context and circumstances of the case as governed by the rules adopted pursuant to the charter and to supplement its provisions in the operation of the civil service system show that a form of notice other than personal was intended. This interpretation is supported by the rule of administrative interpretation over a period of 24 years or so, during all of which time such notices were all sent by ordinary mail.

▉ "The contemporaneous administrative construction of the enactment by those charged with its enforcement and interpretation is entitled to great weight, and courts generally will not depart from such interpretation unless it is clearly erroneous or unauthorized" (*Richfield Oil Corp.* v. *Crawford,* 39 Cal.2d 729 at 736 [249 P.2d 600]).

▉ The rule which provides for notice of probable appointment is not unreasonable. Substantially such notice is for the benefit of the employee in that, if he is the first on the list of eligibles, he automatically gets the job, but he is given the opportunity to decline the appointment if for some reason, maybe on the information contained in the notice, he does not want it.

Appellant contends that "thereupon" when used to denote a sequence in time means "immediately" or "without delay"; and in this he is supported by Webster. In the first place, failure to "thereupon" notify appellant could only be important insofar as a few days increase in pay would have been lost by the delay, in the event he otherwise was entitled to the job. In *Dennis* v. *Superior Court,* 87 Cal.App.2d 279 at 280 [196 P.2d 893], in construing an Election Code provision requiring that "the court shall thereupon order" etc., the court approved the holding in *Dudley* v. *Superior Court,* 13 Cal.App. 271 at 276 [110 P. 146], and *Busick* v. *Superior Court,* 16 Cal.App. 499 at 504 [118 P. 481], that "thereupon" does not of necessity mean immediately but at most 'within a reasonable time.' "

The court, quite contrary to appellant's claim of error, impliedly found that appellant lived at 1801 Turk Street, for

it made a direct finding that he had actually received the notice, and being at that address is a primary basis for such a holding.

Appellant cites 20 California Jurisprudence 51 for a rule that "It is an irregularity upon the part of the judge to express an opinion as to the weight and effect to be given the testimony of a witness during the progress of the trial." The authority for this statement is *Pratt* v. *Pratt,* 141 Cal. 247 [74 P. 742], the reading of which will not disclose a basis for such a sweeping generalization if, by it, it is meant an irregularity sufficient, in and of itself, to require a reversal. In *Pratt* v. *Pratt,* the trial judge excluded relevant and competent testimony against which he confessed a prejudice, when, in a divorce case upon the calling of an 18-year-old daughter of the parties, he said to appellant's attorney, "Can't you prove it by somebody else than the daughter? I don't know of anything more revolting than to have a child put on the witness stand to dispute a parent, father or mother . . . I don't know anything that would condemn your client in my eyes so completely as to put that girl on the stand . . . you would have to bolster everything he (defendant) said to make me believe," etc.

The situation in the Pratt case is a far cry from this one where the trial judge, apparently prompted by a flippant answer to one of his questions, promptly threatened plaintiff with contempt of court if such conduct happened again. The remarks of the trial judge indicated irritation rather than prejudice. A careful examination of the transcript discloses no instance of prejudgment and no failure to give appellant every reasonable opportunity to present his case. In fact, there were instances, albeit less apparent, of irritation of the judge directed at the other side. As was said in *Barr* v. *Barr,* 119 Cal.App.2d 588 at 591 [259 P.2d 957], "Each of the cited cases in which trial judges have been found guilty of misconduct . . . has differed substantially from the others; none of them can be a controlling precedent in a new situation in which new fact questions are presented."

Judgment affirmed.

Dooling, Acting P. J., and Draper, J., concurred.

A petition for a rehearing was denied April 3, 1958, and appellant's petition for a hearing by the Supreme Court was denied April 30, 1958. Carter, J., was of the opinion that the petition should be granted.