[No. 8170.   Department Two.   January 8, 1910.]

## L. A. THOMAS, *Appellant*, v. S. B. VAN ZANDT *et al.,* *Respondents.*[1]

ELECTIONS—CONTEST — NOTICE — JURISDICTION — STATUTES.  Bal. Code, § 1433, requiring the issuance of a citation to defendant in an election contest to appear on a day fixed by the court, is not mandatory in the sense of requiring an order on the day the contest is filed or within any specified time thereafter, and a futile attempt to fix a day for the hearing, without the issuance of jurisdictional process, does not affect the jurisdiction of the court to fix another day and cause a citation to issue thereon.

SAME—TIME FOR GIVING NOTICE—JURISDICTION.  The statute not requiring the court to give a notice and fix a date for hearing an election contest on the day the contest is filed, a delay from November 23 to December 9th in so doing does not deprive the court of jurisdiction.

SAME—DATE OF HEARING—TIME.  Bal. Code, § 1433, requiring the court to fix a date for hearing an election contest, and to give a notice thereof of not less than ten nor more than twenty days from the date of the notice, does not require the fixing of a date within twenty days from the date of filing of the contest.

SAME—PROCEEDINGS—NOTICE—HEARING—TIME FOR.  Under Bal. Code, § 1430 requiring an election contest to be filed within ten days after canvass of the votes, and § 1433, requiring the judge to fix a date for hearing and to give a notice thereof not less than ten nor more than twenty days from the date of the notice, the proceedings are timely and regular where the canvass was made November 23, the contest filed November 25, and the order made December 9th fixing December 22 as the date of hearing.

SAME—NOTICE OF CONTEST—BY WHOM GIVEN—CITATION.  Under Bal. Code, § 1433, providing that the judge may give notice and order a session of the court on a day fixed for the hearing of an election contest, and § 1434, providing that the clerk shall also at the time issue a citation to the defendant to appear at the time and place specified in said notice, and providing the manner of service of the citation, the judge may *cause* notice to be given by the issuance of the citation.

APPEAL—REVIEW—MOOT QUESTIONS—ELECTIONS—CONTEST.  The question of the jurisdiction of the trial court to hear and determine an election contest does not become a "moot" question by reason of

[1]Reported in 106 Pac. 141.

the fact of the expiration of the six months after which certain officers are required to burn the ballots which are assumed to constitute the evidence to determine the contest; as the supreme court cannot, in advance of the trial of the contest, consider the existence of the evidence by which plaintiff intends to support his case.

Appeal from a judgment of the superior court for Whatcom county, Kellogg, J., entered December 22, 1908, dismissing a contest of the election of a county sheriff, for want of jurisdiction. Reversed.

*N. K. Staley* and *H. M. White,* for appellant.

*T. D. J. Healy, Newman & Howard,* and *Noethe & Thompson,* for respondents.

PARKER, J.—This is an election contest, commenced and sought to be prosecuted in the superior court under §§ 1425-1441, of Ballinger's Code. The questions involved in this appeal relate to the manner of acquiring jurisdiction of the parties by the court. It will be conducive to a ready understanding of the controversy, to have before us the provisions of the law involved, which are as follows:

"Sec. 1430. When any such elector shall choose to contest the right of any person declared duly elected to such office, he shall, within ten days after such person shall have been declared elected to such office, file with the clerk of the superior court of the county a written statement setting forth specifically,— . . .

"Sec. 1433. Upon such statement being filed, it shall be the duty of the clerk to inform the judge of the superior court, who may give notice, and order a session of said court to be held at the usual place of holding said court, on some day to be named by him, not less than ten nor more than twenty days from the date of such notice, to hear and determine such contested election: Provided, If no session be called for the purpose, such contest shall be determined at the first regular session of said court after such statement is filed.

"Sec. 1434. The clerk of said court shall also at the time issue a citation for the person whose right to the office is contested, to appear at the time and place specified in said

notice, which citation shall be delivered to the sheriff or constable, and be served upon the. party in person; or if he cannot be found, by leaving a copy thereof at the house where he last resided."

At the general election held on November 3, 1908, the appellant, L. A. Thomas, and respondent S. B. Van Zandt were opposing candidates for the office of sheriff of Whatcom county, and upon the completion of the canvass of the returns thereof, on November 23, 1908, the canvassing board certified that respondent Van Zandt was duly elected to said office. On November 25, 1908, the appellant filed in the office of the clerk of the superior court for Whatcom county his statement, contesting the election of respondent Van Zandt to said office. Thereafter, on the same day, upon motion of appellant's attorneys, the judge of the superior court entered an order in the cause, which, omitting recitals, is as follows:

"It is now therefore, ordered, adjudged and decreed by the court, that the said S. B. Van Zandt, defendant and contestee, and the said J. A. Miller, as county auditor of Whatcom county, state of Washington, and ex-officio clerk of the board of county commissioners of Whatcom county, state of Washington, defendant, appear before this court on the 9th day of December, 1908, at 9:30 o'clock a. m. then and there to show cause, if any they have, why they should not be required to submit themselves to the jurisdiction of this court, and abide by the further orders of this court to be made herein,"

and directed duly certified copies thereof to be served upon the respondents, which was done accordingly. On December 9, 1908, the return day of the order, there having been no other notice and no citation issued or served upon respondent Van Zandt, he appeared specially, and averred that the court had no jurisdiction of the defendant, and objected to the court entertaining jurisdiction of the matter in controversy, upon the ground that no citation had ever been issued or served in the cause as required by law. On the same day, upon the hearing of the objection, the court set

aside the order to show cause and the service thereof for the reason the same gave no jurisdiction, to which appellant excepted. Thereafter, on the same day, the court, upon motion of appellant's attorney, entered an order to the effect that the cause be set for hearing on December 22, 1908, in said court, and that notice thereof be given respondents by a citation issued by the clerk, commanding each of them to appear at said time and place and defend the action, which citation was issued and served accordingly. On December 22, 1908, the return day fixed by the order, the respondent Van Zandt again appeared specially and averred that the court had no jurisdiction, and objected to the court entertaining jurisdiction of the person of the respondent or the subject-matter of the controversy, upon several enumerated grounds which relate to the alleged failure of respondents and the court to follow the requirements of the law as to the time of taking certain steps in the cause, which we will notice hereafter. On the same day, upon hearing of the objections to its jurisdiction, the court entered its order as follows: "The court being of the opinion that it has no jurisdiction of the contestee herein, it is ordered that this proceeding be dismissed;" to which appellant excepted, and has appealed therefrom to this court.

Appellant's assignments of error are, in substance, that the learned trial court erred in sustaining the respondents' objections to the court entertaining jurisdiction of the cause upon the return of the citation on December 22d. We do not deem it necessary to review each step in the proceedings, shown by the record, affecting the jurisdiction of the trial court, other than the alleged irregularities relied upon by respondents. It is enough to say, that we find no want of any jurisdictional step in the proceedings, unless it be such as are pointed out by learned counsel for respondents in their answering brief, which covers, in substance, the same grounds of objection to the court's jurisdiction as were presented by them to the trial court and upon which the court

based its action. We will therefore notice these matters only.

It is contended by the learned counsel for respondents, in effect, that since the trial court, by its order to show cause of November 25, set the cause for hearing on December 9, which to that extent was valid, and no legal process was issued or served, returnable on that day, to bring the respondents into court, therefore the court exhausted its power to thereafter acquire jurisdiction to try the cause. This contention is based upon the assumption that the statute is, in effect, mandatory in requiring the court to enter such order on the day of filing the contest, finally fixing the day of the hearing, and when once made such an order cannot be changed or superseded by another order fixing another return day. We are quite unable to agree with this construction of the law. We find nothing in § 1433, which can be construed as rendering it mandatory that the order fixing the return day shall be made upon the day of filing the contest, or within any specified time thereafter; and, clearly, if such order made upon that day should for any cause prove futile, that fact could not take away or lessen the power of the court to make an effective order at a later time fixing another return day. The validity of such an order, and its effectiveness in fixing a lawful return day, must be tested by the statute independent of whatever prior efforts have been made to acquire jurisdiction in the cause. We therefore conclude that the first attempt at acquiring jurisdiction by the order to show cause is wholly foreign to the question of the court's jurisdiction under the order of December 9, and the citation issued and served in pursuance thereof returnable December 22d. We need not enter into the question of the sufficiency of the first order to show cause, and the service thereof, to give the court jurisdiction. Even if it were sufficient for that purpose, when the court set it aside the result was no different than upon

the quashing of any process and the service thereof. Whether such action of the court be erroneous or not, it does not dismiss the cause or lessen the right of the plaintiff or the power of the court as to the issuance and service of another process returnable upon another day.

This brings us to the question of the sufficiency of the order of December 9, and the issuance and service of the citation thereunder, to give the trial court jurisdiction; and the substance of the contention of learned counsel for respondents upon this question is that the statute was not complied with in certain particulars, which may be summarized as follows: First, in that the return day (December 22d) of the citation issued under the order of December 9, was more than twenty days after the order to show cause of November 25, fixing the hearing on December 9; second, in that the order of December 9, fixing the day of hearing, and the issuance of the citation in pursuance thereof was not timely, it being after the day of filing the contest, and third, in that the time fixed for the hearing of the cause was more than twenty days after the filing of the contest. The first of these contentions has already been disposed of in our holding that the validity of the order of December 9, fixing a new return day and the issuance of citation in pursuance thereof, is not to be determined by the previous order to show cause, wherein an earlier return day was named. As to the second of these contentions, we have already pointed out that we find nothing in § 1433 making it mandatory that the order fixing the return day shall be entered on the day of filing the contest, failing in which the court is deprived of power to acquire jurisdiction.

Learned counsel have cited and reviewed many authorities in support of the general rule that statutes governing election contests are to be followed strictly, and all required steps, especially jurisdictional steps, must be taken within the time fixed by the statute. The doctrine sought to be in-

voked and supported by counsels' citations is that stated in McCrary on Elections (4th ed.), § 427, as follows:

"A statutory provision requiring notice of contest to be given within a given time from the date of the official count, or from the declaration of the result, or the issuing of the certificate of election or the like, is peremptory, and the time cannot be enlarged. . . . And it may be added that there is the strongest reason for enforcing this rule most rigidly in cases of contested election, because promptness in commencing and prosecuting the proceedings is of the utmost importance, to the end that a decision may be reached before the term has wholly or in great part expired."

No doubt the spirit of this law dictates that contests instituted thereunder shall be promptly heard and determined; but there being no mandatory provision therein requiring the order fixing the return day to be made upon the day of filing the contest, it cannot be said that the court is thereafter without power to acquire jurisdiction, by the making of such an order. We are of the opinion that the court had jurisdiction to make the order of December 9, fixing a time for hearing the cause. Was the fact that the return day was fixed at a date more than twenty days after the filing of the contest fatal to the court's jurisdiction? We have seen that the order fixing such day need not be made upon the day of filing the contest, and it is clear by the terms of § 1433, that the return day may be "not less than ten nor more than twenty days from the date of the notice." Assuming that the date of the notice must be the same as the date of the order— it of course could not be before—then this return day was within twenty days from the making of the order, and in that respect complied literally with the statute.

Let us now look to the spirit of this law, and view it in its narrowest possible sense, and assume that it was intended that in no event should the hearing be fixed at a later date than the expiration of the ten days for filing the contest and the twenty days for notice of hearing, making thirty days in all. The canvass of the election returns having been

completed and certified on November 23, when the time commenced to run, it at once becomes plain that the return day, December 22, would be within the limit assumed by such a narrow construction of the law. These observations are of but little moment from a legal standpoint, but they show that, in acquiring jurisdiction to hear the cause by the superior court, the compliance with the law was clearly within its spirit as well as its letter.

The words "Judge of the superior court, who may give notice," in § 1433, when read literally and alone, might seem to mean that the notice it to be given by the judge. But in view of the evident purpose of the statute to have the notice given by citation issued by the clerk, it is evidently intended that the judge may *cause* notice to be given. This construction renders the law harmonious as to the manner of giving notice.

It is finally contended by respondents' counsel that the issues between the parties to this action, at this time, present only moot questions; and for that reason this court should decline to consider the questions presented upon this appeal, and dismiss the same. The only grounds which learned counsel assign in support of this contention is that the six months in which the election ballots are required to be preserved by the county auditor under § 1404 of Bal. Code, having expired, "at the end of which time it shall be the duty of said county auditor to burn said ballots in presence of two other officers," the evidence material to a determination of the controversy is now legally nonexistent. We do not think we are called upon at this time to determine the question of the existence of the evidence, either in whole or in part, which may be necessary to a determination of the rights of the respective parties to this cause upon a trial thereof, for the reason we do not regard such question as being relevant to the inquiry as to whether or not this case now presents only moot questions. In the case of *Adams v. Union R. Co.*, 21 R. I. 134, 42 Atl. 515, 44 L. R. A. 273, 276,

the court said: "A moot case is one which seeks to determine an abstract question, which does not rest upon existing facts or rights." Our attention has not been called to any authority, which indicates that it is the duty, or even the privilege, of a court to inquire as to the existence of evidence to support the plaintiff's case, as a test of the question of the case, being only a moot case and therefore one the court will decline to hear. There is no suggestion here that this is not a real controversy over existing concrete rights The term of the office in question has not expired, the parties here contending for that office are still alive, and by virtue of this appeal the cause is still pending and undetermined. As to whether or not the appellant will, upon a trial, be able to prove the necessary facts to yield him success, we will not now inquire.

We are of the opinion that the order of the learned trial court declining to assume jurisdiction and dismissing the cause upon the return of the citation was erroneous, and that the cause should be reversed and remanded for further proceedings not inconsistent with this opinion. It is so ordered.

RUDKIN, C. J., MOUNT, DUNBAR, and CROW, JJ., concur.