[Civ. No. 822.   Third Appellate District.—February 4, 1911.]

J. S. HILL, Petitioner, v. THE SUPERIOR COURT OF THE COUNTY OF SACRAMENTO, and P. J. SHIELDS, Judge Thereof, Respondent.

ELECTION CONTEST—TIME FOR NOTICE OF FILING STATEMENT—CONSTRUCTION OF CODE—PUBLIC INTEREST AND POLICY OF LAW FOR SPEEDY TRIAL CONSIDERED.—In determining the proper construction to be given to section 1118 of the Code of Civil Procedure, in providing that "within five days after the end of the time allowed for filing statements, the county clerk must notify the superior court of the county or city and county of all statements filed," the public interest concerned, and the policy of the law to have such contests determined as speedily as possible, in order that the rightful claimant may enjoy as nearly as practicable the entire term for which he has been chosen, should not be laid out of view in determining the meaning of that provision, which is also to be construed with another section 1118, as importing that "notice must be given of the filing of the statement," but that it must be given "not later than five days after the end of the time for filing statements."

ID.—MANDAMUS TO COMPEL TRIAL OF CONTEST.—Where the trial court directed the citation of the contestee to be quashed on the ground that the court had no jurisdiction of the person of the contestee, for the reason that the notice given and the order of court fixing the session for trial were made prematurely and the citation was issued prior to the time fixed by the statute, such action amounted to a refusal to proceed with the trial of the contest; and an alternative writ of mandate to compel the trial of the contest will be made peremptory, upon the ground that the judge upon a preliminary matter decided contrary to the law and the facts, while he had jurisdiction of the person of the contestee and to determine the contest, and it was his plain duty to proceed with the trial of the contest at the time appointed therefor.

ID.—ABSENCE OF CONFLICT AS TO FACTS CONFERRING JURISDICTION.—
Where there is no conflict as to the facts, and in the judgment of
this court those facts confer jurisdiction and make it the clear duty
of the lower court to proceed with the trial of the cause, if there
is no other adequate remedy the writ of mandate will issue com-
manding such action.

ID.—APPEAL NOT AN ADEQUATE REMEDY IN AN ELECTION CONTEST.—
Conceding without deciding that an appeal would lie, it should not
be considered a speedy and adequate remedy in election contests, in
which the public are interested, and when the term may expire
before the final determination of the contest in the appellate courts.

PETITION for writ of mandate to the Superior Court of
Sacramento County. P. J. Shields, Judge.

The facts are stated in the opinion of the court.

R. Platnauer, for Petitioner.

A. L. Shinn, for Respondent.

BURNETT, J.—The undisputed facts are these: At the
general election held on the eighth day of November, 1910,
petitioner and one R. A. Merkeley were opposing candidates
for the office of constable of Riverside township in the county
of Sacramento; on the sixteenth day of November, the board
of supervisors of said county, after having canvassed the re-
turns, by resolution duly passed and entered on its minutes,
declared said Merkeley elected to said office; on the fifth day
of December following the petitioner filed in the office of the
county clerk of said county a written statement of his con-
test of the right of said Merkeley to said office, the statement
being verified and in proper form; on December 9th another
contest was filed by one Michael F. Shelley involving a dif-
ferent office, and these two were the only statements of con-
test presented; on December 12th the county clerk notified
the superior court that said statements had been filed; on
December 15th the court ordered a special session to be held
on December 28, 1910, for the hearing of said contests and
directing citations to issue; on December 15th said citations
were issued by the clerk, and on December 19th they were
served by the sheriff on the parties whose right to office was
contested; at the time and place appointed for the holding

of said special session the court quashed the service of said citation and refused to hear the contest of petitioner, for the, reason that the notice to the court by the clerk was given and the order of the court fixing the special session was made prematurely and the citation was issued prior to the time fixed by the statute. Upon an application to this court an alternative writ of mandate was issued, and it is now sought to have it made peremptory upon an answer admitting all the facts set out in the petition.

While, technically speaking, the order of the court below simply directed the citation to be quashed, it amounted to a refusal to proceed with the trial of the contest on the ground that the court had no jurisdiction of the person of the contestee by reason of the premature order and service as aforesaid.

The position of respondent involves the construction of section 1118 of the Code of Civil Procedure. Section 1115 of said code provides that an elector contesting the right of any person declared elected to an office must file with the county clerk a written statement verified by the contesting party, and said section directs what said statement must contain, and that it must be filed "within thirty days after the declaration of the result of the election by the body canvassing the returns thereof, except in cases where the contest is brought on any of the grounds mentioned in subdivision three of section one thousand one hundred and eleven, when it must be brought within six months after the declaration of the result of the election by the body canvassing the returns thereof." Section 1118 is as follows: "Within five days after the end of the time allowed for filing such statements the county clerk must notify the superior court of the county or city and county of all statements filed. The court shall thereupon order a special session to be held, on some day to be named by it, not less than ten nor more than twenty days from the date of such order, at which session the ballots shall be opened and a recount taken, in the presence of all the parties, of the votes cast for the various candidates in all contests where it appears from the statements filed that a recount is necessary for the proper determination of such contest or contests. The court shall continue in special session to hear and determine all other issues arising in such contested elections and within

ten days after the submission thereof, the court shall file its findings of fact and conclusions of law and immediately thereafter judgment therein shall be entered.''

The contention of respondent is that the county clerk has no authority to notify the superior court of any statement filed nor the superior court to make the order in reference to the special session until after the expiration of the time in which the statements of contest may be filed. According to this interpretation these acts must be performed within the period of five days immediately succeeding the expiration of the time for filing the said statements. As contests upon the ground of the violation of certain provisions of the purity of election law may be instituted within six months after the declaration of the result of the election, it would follow that the clerk and the court should have waited until after the sixteenth day of May, 1911, and within five days thereafter for said notification and order, whereas the clerk notified the judge on December 12th, twenty-six days, and the judge made the order on December 15th, twenty-nine days, after the declaration of the result of the said election.

It is at once apparent that if the law thus prevents the trial of an election contest until long after the term of the office in controversy has begun, it should be amended by the legislature before another election takes place. ''The investigation proposed is,'' as well stated in *Minor* v. *Kidder*, 43 Cal. 237, ''one in which the public at large are deeply concerned. It necessarily involves a question of broader import than the mere individual claim of a designated person to enjoy the honors and emoluments of the particular office brought directly in contest. The inquiry must be as to whether or not the popular vote in the selection of officers to administer the public affairs has been in a given instance, or is about to be, defeated or thwarted by mistake happened or fraud concocted. It is therefore not an ordinary adversary proceeding, for as against this high public interest concerned there can be no recognized adversary.'' It is, therefore, important, and undoubtedly is the policy of the law, to have such contests determined as speedily as possible, in order that the rightful claimant may enjoy as nearly as practicable the entire term for which he has been chosen. This consideration should not be laid out of view in the effort to determine the meaning of the legis-

lature in the enactment of the provision involved herein. Having regard to the occasion and purpose of the statute, it would seem to be reasonably clear that by the language in question it was intended to prescribe the limit of time beyond which the said notification and order should not be permitted. In other words, a statement of contest upon certain grounds must be filed within thirty days and upon other grounds within six months after the result of the election has been announced and the time for said notification and order is enlarged five days beyond the expiration of this period. This does not necessarily mean that six months and five days constitute the limit in all cases. The more just and reasonable view is that it depends upon the character of the contest, the time being limited to thirty-five days except in the particular instances referred to when the longer period is allowed. In most cases, it must be assumed, all contemplated contests will be filed within thirty days, and this construction of the statute will satisfy the obvious purpose of the law to secure a speedy hearing of all contests and at the same time, if practicable.

The phrase involved in the discussion may not be altogether free from ambiguity and uncertainty, but, without regard to the considerations to which we have adverted, we have given it no strained or unnatural construction. There seem to be two sections, numbered 1118, of the Code of Civil Procedure as amended in 1907. Reading them together, as far as necessary to illustrate the point before us, we have the following: "Upon the statement being filed, the county clerk must inform the superior court of the county thereof. . . . Within five days after the end of the time allowed for filing such statements, the county clerk must notify," etc. Substituting for "within" one of its familiar equivalents "not longer than," the direction simply amounts to this: "Upon the statement being filed the county clerk must inform the superior court of the county thereof, but it must be not longer than five days after the end of the time allowed for filing such statements."

Or, if we assume that the first section 1118 has been superseded by the second, which was approved one day later, the result is unaffected. Manifestly, no notification should be given of the filing until the statement has been actually filed. This latter date is necessarily implied as the initial point, and

the later section 1118 simply undertakes to provide that the notification and the order shall not be "later than five days after the end of the time for filing such statement." The identical form of expression has been so construed by the supreme court, as pointed out by Chief Justice Beatty in his dissenting opinion in the case of *Bell* v. *Staacke*, 137 Cal. 311, [70 Pac. 172], where he says: "The object was to enlarge and protect the right, not to restrict it and involve it in doubt and uncertainty. Having regard, therefore, to the occasion and purpose of the amendment, it is clear that the words 'within one year after the rendition' meant nothing more than if the law had said 'Not later than one year after.' The word 'within' had reference solely to the end of the period prescribed and not to its beginning. This is a perfectly legitimate sense of the expression, and is the precise sense that has been ascribed to it by the decisions of this court." The cases cited by him are *Los Angeles County Bank* v. *Raynor*, 61 Cal. 147, and *James* v. *Bullard*, 107 Cal. 132, [40 Pac. 108].

It is true that a different interpretation has been given the language providing for an appeal "within one year after the entry of judgment." It was held in an early case, *McLaughlin* v. *Doherty*, 54 Cal. 519, that the legislature intended that the *entry* rather than the *rendition* of the judgment should be the initial point for the computation of the time. This conclusion was influenced somewhat by the consideration of prior legislation and of the decisions of the supreme court distinguishing between the "rendition" and the "entry" of judgment. The case has been followed since on the question of appeal, but is manifestly not of decisive significance here.

As we view it, then, the trial judge, upon a preliminary matter, decided contrary to the law and the facts that the court had not acquired jurisdiction of the "contestee," and therefore was not authorized to proceed with the trial at the time appointed. Upon our understanding of the statutory provision, the court had, and still has, jurisdiction of the subject matter and of the parties, and it was its plain duty to proceed to trial at the time appointed. It could not divest itself of this jurisdiction by an order purporting to quash the citation, nor is there a case presented here of jurisdiction to decide wrong as well as right beyond the reach of the writ

of mandate. Where there is no conflict as to the facts, and in the judgment of the higher tribunal those facts confer jurisdiction and make it clearly the duty of the lower tribunal to proceed with the trial of the cause, if there is no other adequate remedy, the writ of mandate will issue commanding such action.

Again, conceding, without deciding, that an appeal would lie, it should not be considered a speedy and adequate remedy in election contests in which the public are so largely interested and where the term of office may expire before a final determination of the trial in the appellate courts.

The authorities are in line with these reflections, and from a few of the many cases bearing upon the question we make the following quotations: In *State* v. *Johnson,* 103 Wis. 622, [79 N. W. 1090, 51 L. R. A. 33], it is said: "Where it clearly appears that discretion has been not merely abused, but not exercised at all, or that the action taken by the inferior court is without semblance of legal cause, and no other adequate remedy exists, *mandamus* will lie to compel the specific action which should have been taken. Such cases are, however, more apparent than real exceptions to the rule, because, when only one course is open to the court upon the facts presented, the pursuance of that course becomes the plain and absolute duty of the court and the refusal becomes in effect a failure to perform a duty within its jurisdiction."

In *Castello* v. *St. Louis Circuit Court,* 28 Mo. 274, in speaking of the action of the court in determining that a conditional *mandamus* should be awarded, it is said: "This determination was based upon the principle that where an inferior judicial tribunal declines to hear a case upon what is termed a preliminary objection, and that objection is purely a matter of law, a *mandamus* will go if the inferior court has misconstrued the law. If the circuit court declined to go into the merits of the case because the party complaining has not given the notice required by the statute, that was a preliminary objection upon a point of law which this court can review upon a writ of *mandamus;* and if the circuit court called for a notice which the statute did not require, the *mandamus* ought to be made peremptory."

Likewise in the *Matter of Hohorst,* 150 U. S. 653, [14 Sup. Ct. Rep. 221, 37 L. Ed. 1211], the supreme court, on a

petition for a writ of mandate, directed the circuit court to set aside an order of dismissal and to take jurisdiction of the bill as against the defendant, the court declaring that the reasons stated were "conclusive in favor of issuing a writ of *mandamus* to the circuit court to set aside the order of dismissal and to take jurisdiction of the bill as against the defendant corporation, even if the appearance in its behalf in the court had been only a special appearance for the purpose of moving to dismiss the bill for want of jurisdiction."

In *Heinlen* v. *Cross*, 63 Cal. 44, a writ of mandate was issued directing the judge of the superior court to proceed to hear and determine the issue raised by the return to an order to show cause why a certain party should not be punished for contempt in disobeying an order of the court. At the time and place appointed for said hearing the agent of the defendant had appeared and made a certain statement to the court, whereupon the court dismissed the proceedings and discharged the agent on the ground that the process of contempt was a proceeding in the action, and that by the appeal all proceedings under the judgment had been stayed. The supreme court declared: "Had the action of the court below been in the exercise of a judicial discretion, of course *mandamus* would not lie to compel the court to proceed in the matter. But it is perfectly manifest that the action of the court in dismissing the proceeding was based on a supposed want of power occasioned by the appeal and the incidental stay of proceedings wrought by the execution of the undertaking on appeal." The court held that the injunction was not superseded by virtue of the appeal, and that it was the duty of the court to inquire into the facts, and this it was commanded to do. In *Temple* v. *Superior Court,* 70 Cal. 211, [11 Pac. 699], it is said: "The facts stated bring the case clearly within section 1210 of the Code of Civil Procedure, and under such circumstances the court cannot, by holding without reason that it has no jurisdiction of the proceeding, divest itself of jurisdiction, and evade the duty of hearing and determining it."

The subject is considered more elaborately in *Scott* v. *Shields,* 8 Cal. App. 12, [96 Pac. 385], and a conclusion reached therein in harmony with petitioner's contention here.

We think the learned trial judge misconstrued the provisions of the statute and that he should have proceeded with the hearing of the contest. It is directed, therefore, that the alternative writ be made peremptory.

Chipman, P. J., and Hart, J., concurred.