[Civ. No. 820.  First Appellate District.—March 21, 1911.]

In the Matter of the Contest of Election by WILLIAM R. HAGERTY, Appellant, v. CHARLES T. CONLAN, Respondent.

ELECTION CONTEST—DEFECTIVE SERVICE OF CITATION—DIRECTORY PROVISIONS—JURISDICTION—ALIAS CITATION.—The superior court acquires jurisdiction of an election contest by the filing of the statement of the contest within the statutory time. The provisions of section 1119 of the Code of Civil Procedure as to the mode of service of the citation are directory, and cannot be construed as a limitation upon the jurisdiction of the trial court. Under section 1121 of the same code, when it appears that, without the fault of the contestant, there has been a failure to serve the citation in the manner and within the time prescribed by law, the trial court may continue the hearing for twenty days, and order another citation to issue for service upon the contestees.

ID.—PROPER STATEMENT OF CONTEST—RIGHT TO BE HEARD NOT DIVESTED. Where the appellant filed a proper statement of contest in accordance with the provisions of section 1115 of the Code of Civil Procedure, neither the nonfeasance of the sheriff nor the inaction of the court can avail to deprive him of the right to be heard upon his statement of contest.

ID.—CONSTRUCTION OF CODE SECTION—USE OF WORD "THEREUPON"—REQUIREMENTS NOT MANDATORY.—The provision of section 1118 of the Code of Civil Procedure, that within five days after the end of the time for filing statements the county clerk must notify the superior court of all statements filed, and the court shall *thereupon* order a special session to be held, etc., the use of the word "thereupon" with reference to the time of making a special session to be held does not make the requirements of that section mandatory. The word "thereupon" does not of necessity mean immediately, but imports that the order should follow in a reasonable time.

ID.—CONTINUANCE OF MOTION TO DISMISS AND FOR ALIAS CITATION— CONTEST NOT CONTINUED.—The fact that the court continued a motion to dismiss the contest, and also a motion for an *alias* citation, and finally decided them after the expiration of twenty days from the date originally set for the special session, did not operate as a continuance of the contest itself beyond the time prescribed by the statute.

ID.—RELATION OF DISMISSAL TO MOTION TO DISMISS.—It is held that the dismissal subsequently made, in view of the language used by the trial court, showed its intention to make the dismissal relate back

to the date of the motion to dismiss, and to the showing upon which it had been first made. This view of the situation restores the parties to their original standing before the trial court and leaves the cause to be proceeded with as if the dismissal had not been rendered.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

C. L. Dam, George Appell, E. F. Moran, A. L. O'Grady, and Geo. F. Snyder, for Appellant.

Edward Lande, for Respondent.

LENNON, P. J.—This is an appeal, upon a bill of exceptions, from a judgment of dismissal.

Charles T. Conlan, the respondent herein, was on the twenty-second day of November, 1909, declared to have been elected judge of the police court of the city and county of San Francisco.

On the first day of December, 1909, the appellant, an elector of said city and county, instituted proceedings in the superior court, under the provisions of part III, title II of the Code of Civil Procedure, contesting the right of respondent to the office.

The court thereupon designated the third day of January, 1910, as the time for a special session of the court to hear and determine the contest. On the twenty-seventh day of December, 1909, the clerk of the court issued a citation, directed to respondent, commanding him to appear at the special session of the court on the day designated, and answer appellant's statement of contest. This citation was delivered to the sheriff of the city and county of San Francisco, and it was returned as having been served upon respondent by leaving a copy thereof at his last known place of residence.

On January 3, 1910, the day previously designated by the court for the holding of a special session, respondent, without submitting to the jurisdiction of the court, appeared specially, and in open court filed a written notice of motion to dismiss the proceedings, upon the ground that the citation had not

been served in the manner required by section 1119 of the
Code of Civil Procedure. On the sixth day of January, 1910,
the motion to dismiss was heard, and the trial court found that
"the service was not in conformity with that section of the
code providing for a citation" in cases of this character. The
court, however, was of the opinion that the citation required
by section 1119 of the Code of Civil Procedure was in the
nature of a subpoena rather than a summons, and as the con-
testee was personally present in court no further citation was
necessary. The motion to dismiss was denied, and the hearing
of the contest was formally continued to the following day,
January 7, 1910. Thereupon respondent applied to this court
for and received an alternative writ of prohibition, directed
to the superior court of the city and county of San Francisco,
commanding it to show cause on a day certain why it should
not be prohibited from hearing said cause. Pending the hear-
ing and determination of the alternative writ of prohibition
all proceedings in the matter of the contest were stayed by
order of this court, upon the theory that the failure of the
sheriff to serve the citation in the manner and within the time
required by law divested the superior court of jurisdiction to
hear and determine the contest or make any further order in
the premises.

There was pending in the said superior court at the same
time the contest in question was instituted another contest be-
tween Fred L. Hilmer et al. and Thomas P. O'Dowd for the
office of supervisor of the city and county of San Francisco.
The service of the citation in this latter contest, as in the case
at bar, was by the trial court declared to be fatally defective.
Both contests had been consolidated, and were to be heard to-
gether, when O'Dowd made application to this court for an
alternative writ of prohibition directed to said superior court,
which was granted; and later on January 18, 1910, the said
superior court was peremptorily prohibited by this court from
proceeding in the contest against him for precisely the same
reasons given in the case of Conlan upon the issuance of the
alternative writ of prohibition therein.

On January 18, 1910, Charles T. Conlan, the respondent
herein, orally moved the said superior court to vacate the
order of January 6, 1910, denying his motion to dismiss the
contest against him, and in lieu thereof to enter an order

granting a dismissal of said contest. This oral motion was made and based upon the opinion of this court, rendered in the O'Dowd case, that the trial court did not have jurisdiction to entertain the proceedings, and upon all of the grounds theretofore specified in the written notice of motion to dismiss. This motion to vacate and then dismiss was resisted by appellant, and at the same time appellant requested the court to issue an *alias* citation. The motion was submitted to the court for decision on the date of its making, and thereafter on January 24, 1910, the following order was entered upon the minutes of the court: "In this action it is ordered by the court that the order heretofore made, denying motion to dismiss proceedings, be and the same is hereby set aside. It is further ordered that the motion to dismiss proceedings be, and the same is hereby granted, and that judgment of dismissal be entered."

On the twenty-fifth day of January, 1910, the trial court denied appellant's application for an order directing the issuance of an *alias* citation, "upon the ground that the issuance and service of an *alias* citation would necessitate a continuance of said proceeding, and that said court had no jurisdiction or authority to grant a further continuance of said proceeding."

In the judgment which was subsequently entered upon this minute order it is recited that "Charles T. Conlan . . . having moved this court *in writing* to dismiss the above-entitled proceeding upon the grounds enumerated in said written motion, and among others because of the want of jurisdiction of this court in the premises; . . . and the court having taken said motion under advisement and thereafter denied the same; and in the meantime the district court of appeal in and for the first appellate district having pronounced the law in election contest cases with respect to the nature and mode of service of citation in election contests; and . . . the attorneys for said Charles T. Conlan having thereafter moved this court . . . to vacate and set aside the said order denying said motion to dismiss, and to *grant said respondent's motion* upon all of the grounds, affidavits and records and showing upon which *said motion to dismiss had first been made,* as aforesaid, . . . and now being fully advised in the premises, it is by the court ordered that said motion to vacate and set aside said order denying said motion first made herein, be granted

. . . ; that said proceeding be dismissed, and the said motion to dismiss the same is hereby granted . . . "

On the eighteenth day of March, 1910, upon the petition of Hilmer, the contestant in the O'Dowd case, the proceedings in that case had in this court, wherein a peremptory writ of prohibition was granted, were transferred for rehearing and decision to the supreme court of the state. Upon the rehearing there O'Dowd's application for a writ of prohibition was denied on October 28, 1910.

On this rehearing of the O'Dowd case it was held and finally decided by the supreme court that the superior court of the city and county of San Francisco acquired jurisdiction of the *subject matter of the contest* by the filing of the statement of contest within the prescribed statutory time; that the provisions of section 1119, Code of Civil Procedure, are simply directory, and therefore could not be construed as a limitation upon the jurisdiction of the trial court; that under the provisions of section 1121 of the Code of Civil Procedure the trial court was invested with jurisdiction, when it appeared that, without any fault on the part of the contestant, there had been a failure to serve the citation in the manner and within the time prescribed by law, to continue the hearing of the contest for a period not further than twenty days from the date designated by the court for the hearing of the contest, and order another citation to issue for service upon the contestee; and finally, that "a reasonable construction of the provisions relative to contests of election requires the conclusion that mere failure of the sheriff to serve the citation on the party whose office is contested in due form or at all before the day fixed for the hearing did not affect the jurisdiction of the court to further entertain the contest against petitioner." (*O'Dowd* v. *Superior Court*, 158 Cal. 537, [111 Pac. 751].)

The question of law arising out of the facts of this case, as to the jurisdiction of the lower court to proceed with the contest, and now presented to this court upon appeal from the judgment of dismissal, is precisely the same as that decided by the supreme court upon, substantially, a similar state of facts in the O'Dowd case on application there for a writ of prohibition. The decision of the supreme court of the question of jurisdiction involved in the O'Dowd case is decisive of the principal question presented here; and we, therefore, are

compelled to hold that the lower court, having acquired jurisdiction of the subject matter of the contest upon the filing of appellant's statement of contest, was invested with the power to acquire jurisdiction of the person of the contestee by the issuance and service of an *alias* citation, notwithstanding the failure of the sheriff to properly serve the original citation.

Upon the hearing of the O'Dowd case the supreme court declined to discuss or decide the effect of the lower court's failure to make, on the day when it first met in special session, or at any time thereafter, an order for the continuance of the proceeding and the issuance of an *alias* citation, upon the ground that the action of the lower court in that behalf was not involved in the petition for a writ of prohibition and could not be reviewed in that proceeding. The same question, however, is presented upon this appeal, and must be here decided.

The trial court, in refusing the request of appellant for an *alias* citation, evidently acted in the belief that section 1118 of the Code of Civil Procedure, with reference to the order fixing a day for the special session, was mandatory rather than directory; that, having once made an order fixing a day for the hearing of the contest, such order could not be changed or superseded by a second order designating another day for the hearing, and the order of dismissal having been made at a period of time more than twenty days distant from January 3, 1910, the day originally set, jurisdiction to hear and determine the contest was exhausted.

Section 1118 of the Code of Civil Procedure provides that within five days after the end of the time allowed for filing statements in election contests "the county clerk must notify the superior court of the county or city and county of all statements filed. The court shall *thereupon* order a special session to be held, on some day to be named by it, not less than ten nor more than twenty days from the date of such order. . . . "

Notwithstanding the use of the word "thereupon," the requirements of this section, with reference to the time of making the order designating a special session of the court, are not mandatory. "This word 'thereupon' does not of necessity mean immediately. (*California Academy of Sciences* v. *Fletcher,* 99 Cal. 210, [33 Pac. 855].) As said by the supreme court of this state in *Porphyry Par. Co.* v. *Ancker,* 104 Cal.

342, [37 Pac. 1052], where the court was considering a section of the street law, in which it is provided that the superintendent of streets shall thereupon cause certain posting to be done, the word refers to the order of time in which the act shall be done, and is not a mandatory regulation requiring immediate performance; that it should follow within a reasonable time is the most that should be claimed." (*Dudley* v. *Superior Court*, 13 Cal. App. 271, [110 Pac. 146].)

The scope and spirit of the reasoning of the supreme court in its decision of the O'Dowd case warrants the conclusion that the failure of the sheriff to serve the original citation in conformity with section 1119 of the Code of Civil Procedure affected only the trial court's power to proceed with the contest upon the day originally designated for the special session of the court, and that the provisions of section 1118 of the Code of Civil Procedure, requiring the court to order a special session, are not mandatory in the sense that such order shall be made upon the same day that the court is notified by the clerk of the institution of the contest. This being so, and the trial court having met in special session, at the time and place originally designated, to hear the contest, it had "all the powers necessary to a determination thereof" (Code Civ. Proc., sec. 1121) ; and respondent being a necessary party to a complete determination of the controversy, and not being before the court, could and should have been brought in by an *alias* citation. For this purpose it would have been competent and proper for the trial court to have vacated the original order calling for a special session, and in lieu thereof made another order designating another day, not less than ten nor more than twenty days from the date of the second order, when the court would again sit in special session to hear and determine the contest. (*Thomas* v. *Van Zandt*, 56 Wash. 595, [106 Pac. 141].)

As far as the record here discloses, but one order for the continuance of the contest itself was made and entered by the trial court. This was the order made on January 6, 1910, after the motion to dismiss was first heard and determined, continuing the hearing of the contest to the next day, January 7, 1910. From this date on it is apparent that the hearing of the contest upon its merits was suspended pending the determination by this court of the trial court's power to pro-

ceed in the premises. After the decision of that question by this court, and until the judgment of dismissal was finally made and entered by the trial court, on January 24, 1910, the only matters considered and continued from day to day by the trial court were the motion to dismiss and appellant's application for an *alias* citation. The fact that the trial court continued these matters from time to time for hearing, and finally decided them after the expiration of twenty days from the date originally set for the special session of the court, did not operate as a continuance of the contest itself beyond the time prescribed by the statute. The disposition of respondent's motion for a dismissal of the action and appellant's application for an *alias* citation was exclusively within the control of the trial court. When appellant filed his statement of contest in accordance with the provisions of section 1115 of the Code of Civil Procedure, he had done all that was required of him by the statute; and neither the nonfeasance of the sheriff nor the inaction of the court can avail to deprive appellant of the right to be heard upon his statement of contest.

It will be noted that but one motion to dismiss the proceeding for lack of jurisdiction was made by respondent, and that this motion was presented to the trial court on January 3, 1910, the date originally set for the special session of the court, and this motion was disposed of on January 6, 1910.

Thereafter, on January 18, 1910, upon the oral motion of respondent the trial court vacated and set aside its order of January 6, 1910, denying the motion to dismiss, and thereupon the attorneys for respondent moved the trial court "to grant said respondent's motion (to dismiss) upon all of the grounds, affidavits, records and showing upon which *said* motion *to dismiss* had been first made. . . . "

On January 24, 1910, the trial court ordered "that said proceeding be dismissed and the said motion to dismiss the same is hereby granted."

It is but fair to assume from all that was said and done in the premises that it was the intent and purpose of the trial court and of the parties to the proceeding that the order of dismissal, although made and entered on January 24, 1910, should relate back to and be considered as having been made on January 3, 1910. This interpretation of the situation re-

stores the parties to their original standing before the trial court, and leaves the cause in a position to be proceeded with, upon the court acquiring jurisdiction of the person of respondent, as if the judgment of dismissal had not been rendered.

The judgment is reversed, and the trial court directed to designate another day for a special session of the court; to thereupon issue an *alias* citation for service upon respondent, and upon a return thereof showing a service in the manner and within the time required by law, to hear and determine the contest.

Kerrigan, J., and Hall, J., concurred.