[Civ. No. 892. Third Appellate District.—June 22, 1911.]

## CHARLES O. BUSICK, Petitioner, v. THE SUPERIOR COURT OF THE COUNTY OF SACRAMENTO and PETER J. SHIELDS, the Judge Thereof, Respondents.

ELECTION CONTEST—IRREGULARITIES—JURISDICTION—PROHIBITION.—Notwithstanding irregularities in an election contest, where the court has not lost jurisdiction thereof, a writ of prohibition to restrain the trial thereof cannot be granted.

ID.—FAILURE TO SERVE CITATION IN TIME—JURISDICTION NOT DIVESTED—POWER TO ISSUE ALIAS.—The failure of the sheriff to serve the citation in an election contest on the party whose office is contested within the five days prior to the day fixed for the hearing does not divest the court of jurisdiction further to entertain the contest; but it has power to issue an *alias* citation, where the original has not accomplished the purpose.

ID.—CONTINUANCE OF CAUSE FOR SERVICE BEYOND TWENTY DAYS—HEARING ON MERITS NOT BEGUN—TIME NOT MANDATORY FOR SERVICE.—The continuance of the cause for service of citation beyond the twenty day limit fixed for adjournment of the trial does not go to the jurisdiction, where no trial upon the merits has begun. The time limit fixed for adjournment of the trial is not to be construed as mandatory or exclusive as respects the service of citation.

ID.—LIBERAL SPIRIT OF INTERPRETATION.—The same liberal spirit of interpretation which led the supreme court to hold that the statute in reference to the citation is directory merely should be applied in reference to the limit of twenty days as respects service of citation, for like reasons.

ID.—JURISDICTION OF SUBJECT MATTER—STATEMENT.—The jurisdiction of the subject matter of the election contest was acquired when the statement of contest was filed within the time provided by the statute.

ID.—JURISDICTION OF PERSON—TIME FOR CONTEST.—The court may appoint another time for contest, after the jurisdiction of the person of the contestee has been acquired under proper service of the *alias* citation ordered by the court.

PETITION for writ of prohibition to the Superior Court of Sacramento County. P. J. Shields, Judge.

The facts are stated in the opinion of the court.

O. G. Hopkins, A. L. Shinn, and Charles G. Busick, for Petitioner.

Shelley & Hoag, for Respondents.

BURNETT, J.—This is a petition for a writ of prohibition. In reply to the order to show cause, respondent filed a demurrer upon the ground "that the petition does not state facts sufficient to authorize the issuance of the writ prayed for," and thus is presented the question for determination. It appears that on the sixteenth day of November, 1910, the board of supervisors of the county of Sacramento, after duly canvassing the returns of the general election held on the eighth day of November, 1910, by resolution duly passed, declared the result thereof, and on said sixteenth day of November, 1910, by resolution passed and entered on its minutes, the said board of supervisors declared the petitioner elected to the office of justice of the peace of said Riverside township. On the ninth day of December, following, Michael F. Shelley filed, in the office of the county clerk of said county, a statement of his contest of the right of petitioner to said office of justice of the peace. On December 15th the court made an order setting the twenty-eighth day of said month as the day upon which a special session of the court should be held to hear said contest, and directed the clerk of the court to issue a citation directed to said Charles O. Busick, citing him to appear on said date and answer the contest of the said Michael F. Shelley. Said citation was issued, and on said twenty-eighth day of December, the said court convened for the purpose of hearing said contest and also the contest of *J. S. Hill* v. *Superior Court,* 15 Cal. App. 307, [114 Pac. 805]. Petitioner appeared specially and objected, on certain grounds, to the hearing of said contest, and the court thereupon made and entered its order quashing said citation, and refused to proceed with the trial, placing its decision on the grounds: 1. That the court had not acquired jurisdiction over the contestee, as the citation had not been served upon him personally nor in the manner provided by law; and 2. That the said order of the court was made and the said citation issued prior to the expiration of the time for filing contests to the right of persons declared elected to office at the general election held

on said eighth day of November, 1910, and therefore that the
court was not authorized to proceed with the trial at the time
appointed.   The foregoing order has never been set aside nor
appealed from.   On said twenty-eighth day of December,
while said Michael F. Shelley and his attorneys were present,
without any affidavit by any person, the court made an order
continuing said special session from time to time till the eighth
day of March, 1911, when the ballots in said Riverside town-
ship were opened by said court for the purpose of having a
recount taken of the votes cast for the various candidates in
all contested elections where it appeared from the statements
filed that a recount was necessary and a recount was taken in
the said election contest of *Hill* v. *Superior Court*.   In said
proceeding no request was made by said Shelley that a re-
count be had in his contest against petitioner.   At no time
on or after March 8, 1911, did said Shelley ever apply to said
superior court for any continuance of the trial of his said con-
test or of said special session and no continuance was had
after said March 8th.   On the seventeenth day of April fol-
lowing, the said Shelley served upon petitioner an affidavit
of merits and notice of intention to apply to said court for an
order directing said clerk to issue an *alias* citation and for an
order fixing a day for the hearing of said election contest.   In
said affidavit, as exculpatory of his delay, affiant declared:
"That plaintiff and his attorneys, at the time said order
was made [the order quashing the citation] believed that the
court was without power to order an *alias* citation issued and
served in such procedure and therefore, because of their mis-
taken understanding of the law governing election contests,
the plaintiff did not at said time ask the court for an *alias*
citation."   On the first day of May the said motion of Shelley
came on for hearing and was regularly continued until the
next day and was then submitted, after a full hearing, upon
the affidavits, records and papers on file in said election con-
test.   On the nineteenth day of May the said court made and
entered an order that a special session of the said court be
held on Wednesday, May 31, 1911, "at which session the bal-
lots shall be opened and a recount be taken in the presence
of all the parties interested in the above-entitled contest and
cause of the votes cast at the last general election held on
November 8, 1910, for the parties to this contest, where it ap-

pears from the statement filed that such recount is necessary for the proper determination of said contest, and it is further ordered that the clerk of this court shall issue an *alias* citation directing the said defendant to appear at the time and place specified in this order and answer the plaintiff's statement of contest on file herein.'' Hence, this application for a writ of prohibition.

It may be observed that the record, as above recited, suggests certain questions of irregularity in the proceedings or of possible abuse of discretion on the part of the lower court that might be the proper subject of discussion on appeal but which are not germane to the consideration here, which relates entirely and exclusively to the jurisdiction or legal authority of the court to make the orders in controversy. And it is manifest that we are concerned only with the validity of the said order directing an *alias* citation to be issued and fixing the thirty-first day of May for the hearing of the contest.

As to the authority of the court to issue an *alias* citation where the original has not accomplished its purpose, there can be no doubt. This question has been decided by the supreme court in *O'Dowd* v. *Superior Court,* 158 Cal. 537, [111 Pac. 751], wherein it is said: ''But in view of the provisions of section 1121, it is not intended, or at least there is no room for construing the section as to service as contemplating that service within the five days prior to the day fixed for the hearing was a limitation upon the jurisdiction of the court over the party upon whom the sheriff had failed to make proper service. On the contrary, we think that the provision of section 1119 as to service was simply, as held in *Hadley* v. *Gutridge, supra* (58 Ind. 302), directory to the sheriff as to the time within which and the method whereby he should make the service; that failure on his part, in either of these particulars did not oust the court of jurisdiction to further provide for such service, but only precluded the court from proceeding with the hearing against a contestee until service was made upon him by order of the court and by virtue of the power vested in it to do so under section 1121.''

As to the order fixing the time for the hearing of the contest, the situation in the O'Dowd case was different from what we have here. There, the hearing was not continued beyond the twenty day limitation after the time originally set for the

trial of the contest. Here, as we have seen, the first order
was made on the fifteenth day of December, 1910, fixing the
twenty-eighth day of the same month for the date of the con-
test. It was nearly five months thereafter, to wit, the nine-
teenth day of May, 1911, when the order was made for the
issuance of the *alias* writ and fixing the thirty-first day of
May for the hearing of the contest. Said section 1121 pro-
vides that ''The court must meet at the time and place desig-
nated, to determine such contested election, and shall have all
the powers necessary to the determination thereof. It may
adjourn from day to day until such trial is ended and may
also continue the trial before its commencement for any time
not exceeding twenty days for good cause shown by either
party upon affidavit, at the costs of the party applying for
such continuance.'' It is the contention of petitioner that by
virtue of this provision the superior court exhausted its juris-
diction to hear the contest, since it was continued for more
than twenty days beyond the time originally fixed. It is in-
sisted that proceedings to contest an election are special and
summary in their nature and that this limitation is incon-
sistent with the exercise of the general discretionary power
of granting continuances possessed by courts in ordinary civil
actions, and that the expression of the particular modes and
time of continuances is exclusive of all not enumerated.

It is to be remembered, however, that, while the proceeding
is statutory and summary and the ''provisions'' of the stat-
ute, as said in the O'Dowd case, *supra,* ''contemplate a speedy
adjustment of the question as to who is legally entitled to an
office, but the speedy determination which the legislature had
in view is not to dominate the construction of these provisions
so as to defeat altogether the right to have a contested elec-
tion settled on its merits unless such construction is impera-
tive. A determination on its merits is what the statute mainly
has in view.'' We think the same liberal spirit of interpreta-
tion which led the supreme court to hold that the power in
reference to the citation is directory merely should be applied
to the section before us and should lead to a like conclusion.
Indeed, we have authority for the position that this section
is not mandatory and exclusive, as contended by petitioner.
(*Thomas* v. *Van Zandt,* 56 Wash. 595, [106 Pac. 141]; *Hag-
erty* v. *Conlan,* 15 Cal. App. 643, [115 Pac. 762].) The

former was a decision by the supreme court of Washington but the statutory provisions therein construed are similar to the sections of the law involved herein. We quote from the opinion as follows: "It is contended by learned counsel for respondents in effect that since the trial court by its order to show cause of November 25th, set the cause for hearing on December 9th, which to that extent was valid, and no legal process was issued or served returnable on that day, to bring the respondents into court, therefore the court exhausted its power to thereafter acquire jurisdiction to try the cause. This contention is based upon the assumption that the statute is, in effect, mandatory in requiring the court to enter such order on the day of filing the contest, finally fixing the day of the hearing, and when once made such order cannot be changed or superseded by another order fixing another return day. We are quite unable to agree with this construction of the law. We find nothing in section 1433 which can be construed as rendering it mandatory that the order fixing the return day shall be made upon the day of filing the contest or within any specified time thereafter; and clearly, if such order made upon that day should for any cause prove futile, that fact could not take away or lessen the power of the court to make an effective order at a later time fixing another return day."

In the Hagerty case, *supra*, the district court of appeal of the first district, after citing section 1118 of the Code of Civil Procedure, declared: "Notwithstanding the use of the word 'thereupon,' the requirements of this section with reference to the time of making the order designating a special session of the court are not mandatory. The word 'thereupon' does not necessarily mean immediately"; citing cases. In that case, on the twenty-fourth day of January, 1910, the trial court had made an order "that the motion to dismiss proceedings be and the same is hereby granted and that judgment of dismissal be entered." From this order an appeal was taken and the said appellate court, on March 21, 1911, reversed the judgment and the trial court was directed "to designate another day for a special session of the court; to thereupon issue an *alias* citation for service upon respondent, and upon a return thereof showing a service in the manner and within the time required by law, to hear and determine the contest." Thus, the court held upon appeal that it was not only within

the jurisdiction but the duty of the lower court to make another order fixing another date for the hearing of the contest, which order would necessarily be made more than a year after the first order was entered and, indeed, more than a year after a judgment of dismissal of the proceedings had been entered. It is impossible to construe said decision otherwise than as warranting respondent's action herein.

But, viewing one or two of the vital considerations a little more in detail with the single object of testing the jurisdiction of the court to make the order in controversy, it becomes more manifest that the court below has not transcended the bounds of its judicial authority. If there had been a judgment of dismissal entered, as in the Hagerty case, *supra*, it could probably be maintained that the whole cause had thus been withdrawn from the cognizance of the court, and as long as such judgment was not suspended or set aside by appeal or otherwise, it would, of course, preclude any further proceeding unless a new action were brought. Here, however, no disposition was made of the action itself. There was, rather, nonaction on the part of the court, as far as the determination of the cause is concerned. There was no hearing whatever upon the merits, and there was simply an abatement not of the cause itself, but rather of that particular trial under the original citation. As far as the contest itself is concerned, it is still pending in the lower court. The written statement of the grounds of contest, which may be considered the complaint, is unaffected by any order that has been made and it still invites the consideration of the court. It is this statement which gives the court jurisdiction of the subject matter of the action. (*O'Dowd* v. *Superior Court*, 158 Cal. 537, [111 Pac. 751].) In the O'Dowd case certain decisions to the effect that service on the contestee before the hearing is essential to and a limitation on the jurisdiction of the court to proceed with a hearing of the contest are held not applicable to our practice, for the reason that they involved "the question of jurisdiction of the subject matter of the contest itself, and not jurisdiction of the person against whom the contest was directed. Under the statutes of our sister states, whose decisions are referred to, an election contest was not inaugurated by filing a petition or statement and then giving notice, but it was provided that where a contest was contemplated

the party contemplating it should, within a given time, serve notice on the contestee of his intention to contest, or his intention to appeal from the findings of an election commission to the courts. The proposed contestants in those cases failed to serve their notice of intention within the time prescribed, and, of course, the court never acquired any jurisdiction of the subject matter. . . . Under our statutes, however, the superior court in the election proceeding here under consideration had acquired jurisdiction of the subject matter of the contest as the statement of contest was filed within the time.'' Jurisdiction of the subject matter having thus been acquired and not having been lost, as far as the record shows, it was within the legal power of the court to appoint another time for the contest and to proceed to trial, if in the meantime jurisdiction is obtained of the person of the contestee by proper service of the *alias* citation. Some other minor questions are suggested by counsel, which we deem unnecessary to a determination of the proposition before us. We are satisfied that the court has jurisdiction to do what it contemplates, and the demurrer is sustained and the order to show cause is discharged and the writ denied.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 24, 1911.